ADVISORY OPINION TO THE GOVERNOR.

Opinion filed May 11, 1918.

1. A suspension from office, under Section 15, Article IV of the constitution, does not destroy but merely suspends the right acquired by an election to the office.

2. A suspended officer may be reinstated by the Governor or, if the term for which he was elected has not expired, he auto--

matically may "resume the duties of the office" if his suspension is not concurred in by the Senate.

3. Where an incumbent is suspended from office, the appointment contemplated by law to fill the office is merely to exercise all the authority of the office, the duration of the authority under the appointment depending on whether the person suspended is reinstated or is removed or resumes the duties of the office because of action or non-action of the Senate.

4. While an officer may be suspended from office "for the commission of any felony" the office is not "deemed vacant" under Section 298 of the General Statutes of 1906, except upon "conviction," and a conviction is not operative while a supersedeas is effective.

5. When an office becomes vacant, it may be filled as the law provides.

STATE OF FLORIDA
EXECUTIVE CHAMBER,

Tallahassee, May 10, 1918.

To the Honorable Justices of the Supreme Court of Florida, Tallahasse, Fla.

Gentlemen:

Pursuant to Section 13, of Article IV, of the Constitution of Florida, I hereby request your opinion upon a question affecting my constitutional duties and powers with reference to making certain appointments and issuing commissions to County Officers, which involves the following circumstances:

Certain elective County officers whose terms would ordinarily have expired in January, 1921, have been suspended from office by me under Section 15, of Article IV, of the Constitution. The Constitution by Section 7 of Article VIII, provides that all County Officers shall be commissioned by the Governor, and it is not clear as

to the term of office that should be placed in the appointment and commission.

It is observed that Section 6, of Article XVIII, of the Constitution, provides: "The term of office for all appointees to fill *vacancies,* in any of the elective offices under this Constitution, shall extend only to the election and qualification of a successor at the ensuing general election;" and Section 15, of Article IV, provides that all officers who "shall have been appointed or *Elected"* may be suspended from office for the commission of any felony,. and the cause of suspension shall be communicated to the Senate at its next session, and that the "Governor, by and with the consent of the Senate, may remove any officer," not liable to impeachment, for cause named, and that every suspension shall continue until the adjournment of the next session of the Senate, unless the officer suspended shall be reinstated by the Governor: and that "If the Senate shall refuse to remove or fail to .take action before its adjournment, the officer suspended shall resume the duties of the office. The Governor shall have power to fill by appointment any office the incumbent of which has been suspended," etc.

Section 5 ,of Article VI, in connection with Section 295 and 298, General Statutes, provides that any civil officer shall be "'excluded from office," and the office "deemed vacant" where the incumbent is convicted of any "infamous crime" or "felony."

In view of the fact that the "ensuing general election" intervenes the appointment of these officers and the "next session" of the Senate, and that the *removal* of an elective County Officer requires the concurrence of the Senate, and he may be reinstated if the Senate does not concur or refuses to act, I have the honor to request the written opinion of the Justices of the Supreme Court

as to the term of office which, under the Constitution, I shall place within the appointment and commission successors to the said officers: (1) Where the incumbent has been convicted of a felony and a supersedeas obtained pending review by the Supreme Court; (2) Where the incumbent has been suspended without a conviction for malfeasance or misfeasance,—whether the term mentioned in such commisisons shall extend to the next session of the Senate subject to its concurrence or rejection, or should extend to the "ensuing general election," or otherwise.

<div align="center">Respectfully submitted,

SIDNEY J. CATTS,

Governor.

SUPREME COURT OF FLORIDA.

Tallahassee, May 11, 1918.</div>

To his Excellency, Sidney J. Catts, Governor of Florida,
    Tallahassee, Fla.

Sir:

Your communication of May 10th has been duly received.

Section 15 Article IV of the State Constitution is as follows:

> "All officers that shall have been appointed or elected, and that are not liable to impeachment, may be suspended from office by the governor for malfeasance, or misfeasance, or neglect of duty in office, for the commission of any felony, or for drunkenness or incompetency, and the cause of suspension shall be communicated to the officer suspended, and to the senate at its next session. And the governor, by and with the consent of the senate, may remove any officer, not liable to impeachment,

for any cause above named. Every suspension shall continue until the adjournment of the next session of the senate, unless the officer suspended shall, upon the recommendation of the governor, be removed; but the governor may reinstate the officer so suspended upon satisfactory evidence that the charge or charges against him are untrue. If the senate shall refuse to remove, or fail to take action before its adjournment, the officer suspended shall resume the duties of the office. The governor shall have power to fill by appointment any office, the incumbent of which has been suspended. No officer suspended who shall under this section resume the duties of his office, shall suffer any loss of salary or other compensation in consequence of such suspension. The suspension or removal herein authorized shall not relieve the officer from indictment for any misdemeanor in office."

In contemplation of this section of the organic law, a suspension from office does not destroy but merely suspends the right acquired by an election to office. The suspended officer may be reinstated by the governor or, if the term for which he was elected has not expired, he automatically may "resume the duties of the office" if his suspension is not concurred in by the senate. Where an incumbent is suspended from office, the appointment contemplated by law to fill the office is merely to exercise all the authority of the office, the duration of the authority under the appointment depending on whether the person suspended is reinstated or is removed or resumes the duties of the office because of action or nonaction of the senate. While an officer may be suspended from office "for the commission of any felony" the office

is not "deemed vacant" under Section 298 of the General Statutes except upon "conviction," and a conviction is not operative while a supersedeas is effective. When an office becomes vacant, it may be filled as the law provides.

<div align="right">

Very respectfully,

JEFFERSON B. BROWNE,

Chief Justice.

R. F. TAYLOR,

J. B. WHITFIELD,

W. H. ELLIS,

T. F. WEST,

Justices Supreme Court.