THE STATE OF FLORIDA, *ex rel.* A. C. JACKSON, *Petitioner,*
*v.* H. CLAY CRAWFORD, AS SECRETARY OF STATE OF
FLORIDA, Respondent.

Opinion Filed October 24, 1918.

1. The acceptance by the Governor of the resignation of a
   suspended officer creates a vacancy in the office:   *Quere,*
   as to whether the unaccepted resignation of such officer,
   would create a vacancy?

2. Where acceptance of a resignation by the proper authority
   is necessary to create a vacancy in an office, the accept-
   ancy may be oral or in writing, or it may be shown by
   the performance of an official act which could not legally
   be performed unless the resignation was accepted.

3  Where an officer who has been suspended tenders his
   resignation to the Governor who issues a commission to
   another to hold the office "until the qualification of his
   successor who may be chosen at the ensuing general elec-
   tion," the issuing of such a commission may be equivalent
   to and conclusive of an acceptance of the resignation.

A case of original jurisdiction.

Peremptory writ awarded.

*Fred T. Myers,* for Petitioner;

*Van C. Swearingen,* Attorney General, and *C. O. An-
drews,* Assistant for Respondent.

BROWNE, C. J.—On November 7, 1916, J. C. Black was
elected Tax Collector of Liberty County, and commis-
sioned for four years, and duly entered upon the duties
of the office.  On the 20th of March, 1918, the Gover-

nor suspended him for alleged malfeasance in office. On the 25th of March, 1918, the Governor notified the Secretary of State that he had appointed Robert H. Weaver as Tax Collector for Liberty County. On the 28th of March, 1918, the resignation of J. C. Black was delivered at the Executive Office in Tallahassee, and on the 8th of April the Governor issued a commission to Robert H. Weaver to hold the office of Tax Collector of Liberty County "until the qualification of his successor, who may be chosen at the ensuing general election."

The relator, A. C. Jackson, duly qualified at the primary election held on June 4, 1918, for the nomination as the candidate of the Democratic party for the office of Tax Collector of Liberty County, to be chosen at the general election to be held on the 5th day of November, 1918. There was no other candidate for this office at the June primary, and the relator became under the statute the candidate of the Democratic party for the position. His name was duly certified to the Secretary of State as one of the nominees of the Democratic party.

This proceeding is to require the Secretary of State to amend the notice and certificate of the offices and vacancies in the County of Liberty, to be filled at the general election to be held on November 5, 1918, so that the office of Tax Collector may be and appear among those to be filled at said election.

The questions presented by the pleadings are: (1) can a vacancy be created in office by the acceptance by the Governor of the resignation of a suspended officer? (2) is the commissioning of another person to fill the office "until the qualification of his successor who may be chosen at the ensuing general election" satisfactory evidence of the acceptance by the Governor of the former

incumbent's resignation.   We answer both questions in the affirmative.

There is no question presented here of the right of an officer under suspension to surrender his office by resignation without its acceptance, express or implied by the Governor, and we do not decide that question. Section 298 of the General Statutes of 1906 enumerates the various methods by which offices may be vacated, the second of which is, "by his resignation." The law is silent as to whether or not such resignation must be accepted by the Governor.  If his acceptance is necessary, it may be orally or in writing, or it may be shown by the performance by the Governor of an official act which it would not be his duty and which he would have no right to perform, unless a vacancy had occurred by resignation; and where such an act is shown to have been performed by him, it may be equivalent to and conclusive of an acceptance of the resignation.

In this instance he issued a commission to Weaver to hold the office "until the qualification of his successor who may be chosen at the ensuing general election." The Governor had no authority to issue such a commission unless there was an actual vacancy in the office.  The suspension did not create such a vacancy.  See Advisory Opinion to the Governor, 75 Fla. 674, 78 South. Rep. 673. It is not to be assumed that the Governor would have issued a commission to fill a vacancy where none existed. The commission in this case was such as should have been issued only in case of a vacancy, and is in accordance with the law governing the filling of vacancies. The respondent in his brief very correctly states that the term or tenure of an office written into a commission is not controlling as against the direct provisions of the statute; but that is not the case here where we

have a commission issued by the Governor strictly in accord with the law governing the term or tenure of an officer appointed to fill a vacancy.

It is contended by the respondent that if a vacancy can be created in an office, by the resignation of the suspended officer, it would defeat the provisions of Section 15, Article IV of our Constitution. By resigning, the suspended officer volutnarily acquiesced in the suspension and surrendered all his rights acquired by virtue of his election to the office, and the. commission issued to him thereunder.

The statute provides that "the Secretary of State shall between the first day of July and September in any year in which a general election shall be held, make out and cause to be published  *  *  *  a notice stating what offices and vacancies are to be filled at such general election,  *  *  *  and shall send to the Sheriff of each county a notice of the offices and vacancies of each county to be filled at such general election." Sec. 176, Gen. Stats., 1906, Florida Compiled Laws, 1914.

As there was a vacancy in the office of Tax Collector for Liberty County, caused by the resignation of Black and the commissioning of Weaver to fill the vacancy till the election and qualification of a successor at the ensuing general election, it was the duty of the Secretary of State to give official notice of the vacancy by publication and by sending notice of .the vacancy to the Sheriff of the county as required by the statute. That duty having been misapprehended, it may be indicated by mandamus.

The motion to quash the return is granted and the peremptory writ awarded.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.