D. H. HAWKINS *v.* THE STATE.

(*Nashville.*   December   Term,   1919.)

1. **INTOXICATING-LIQUORS.** **Label on bottles prima-facie evidence that contents were whiskey.**

Where bottles, discovered on searching a storeroom which defendant had rented, were labeled "Cascade Whiskey," such labels make a *prima-facie* case that the contents of the bottles were whiskey. (*Post, p.* 240.)

Acts cited and construed: Acts 1917, ch. 10.

2. **INTOXICATING LIQUORS.** **Possession of liquor insufficient evidence of transportation.**

In a prosecution for transporting intoxicating liquor from one place to another within the State, and for receiving same from a carrier since the enactment of Acts 1917, chapter 10, evidence that whiskey was found in an unused stove in a storeroom which defendant had recently rented *held* insufficient, in view of the presumption of defendant's innocence and of the fact that he disclaimed ownership of the whiskey, to sustain a conviction. (*Post, pp.* 240, 241.)

3. **CRIMINAL LAW.** **Accused presumed guilty only after conviction.**

One accused of crime is in the trial court presumed innocent, though after conviction the appellate court will presume him guilty. (*Post, pp.* 240-241.)

---

FROM GRUNDY.

---

Error to the Criminal Court of Grundy County.—HON. FRANK L. LYNCH, Judge.

THOS. L. KING, for appellant.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE LANSDEN delivered the opinion of the Court.

The defendant was indicted and convicted in the criminal court of Grundy county, first that he trans-ported intoxicating liquor from one place to another within the State; and, second, that he received such whisky from a carrier since the enactment of the act of 1917 (Acts 1917, chapter 10), to wit, March 1, 1917. The jury brought in a general verdict.

The evidence is undisputed, and shows that plaintiff in error is conducting a storehouse at Tracy City, Tenn., and came into possession of the house two or three months prior to the time at which it was searched. The sheriff told him that he desired to search the store-house, and he replied that he had broken his key, and if the sheriff would wait until morning he would have another key and could let him in. He also said that the owner of the house probably had a key, and he went with the sheriff and his deputy to the owner to obtain a key. This was in the afternoon, and the owner not having a key, the door of the store was forced open and the search was made. In the back room of the storehouse, in an old and unused stove, the sheriff found two bottles with unbroken seals, which were labeled "Cascade Whisky." The plaintiff in error immediately said in substance that he knew nothing

about the whisky being in the stove. The house was occupied, before plaintiff in error obtained possession, as a restaurant.

The label on the bottles makes a *prima-facie* case that the contents of the bottles was whisky. 23 Cyc., 265, 264. The finding of the whisky in the stove, under the circumstances detailed, does not make a *prima-facie* case of guilt.. Plaintiff in error was in possession only a short time; he assisted the sheriff in searching the house, and made no objection to the search. There is no proof of any circumstances indicating that he knew the whisky was in the store, or that he had placed it there by himself or his agent. There can be no proper conclusion from evidence that he received the whisky unlawfully from a carier since March 1, 1917. This was January, 1918, and the whisky could have been placed in the stove before the act went into effect. For the same reason, no just conclusion can be reached from the evidence detailed that plaintiff in error was unlawfully in the possession of the whisky. In fact, no conclusion can be reached that he was in possession of the whisky at all. He stated to the sheriff, when the whisky was found, that he knew nothing of it, and the story is not unreasonable or unbelievable. The State has wholly failed to show that plaintiff in error was in possession of the whisky at all.

The only evidence offered against him is the fact that the whisky was found in a stove which he was not using, but which was in the building where he conducted his business. His recent possession of the building, together with his immediate disclaimer of all knowledge of the

whisky, rebut the effect of finding it in his storehouse. We thnk the facts proven have no direct and open connection with his guilt, and the presumption of innocence, which was a witness for him before the jury, is not overcome.   The presumption here is that he is guilty, but this presumption is overcome when a proper consideration of the State's proof fails to show a direct and open relationship between him and the alleged offense.

The case will be reversed and remanded for a new trial.