# CHARLESTON.

State *ex rel.* Blake *et al. v.* Levi *et al.*

(No. 6794)

Submitted May 20, 1930.   Decided May 31, 1930.

*Grant P. Hall,* and *Grant P. Hall, Jr.,* and *A. H. Toothman,* for relators.

*A. M. Belcher* and *Burdette & Salisbury,* for respondents.

Hatcher, Judge:

O. E. Camp was superintendent of free schools in Kanawha county.   He was found guilty by a jury on an indictment for a felony, involving a violation of official duty, and on April 26, 1930, was sentenced to the penitentiary by the intermediate court.   This is an action against the presidents of the several boards of education of Kanawha county, to require them to appoint his successor.   He was also made a respondent, as this proceeding involves his right to continue in office.

The constitution of West Virginia, article IX, § 4, declares that all county officers shall be subject to indictment for malfeasance, etc., and "upon conviction thereof, their offices shall become vacant."   The word "conviction" in its primary sense refers to a verdict of guilty by a jury.   But whenever a *conviction* is declared to work some disability, the word is generally given a broader significance.   The common law in this respect, as voiced by Lord Hale, follows:   "By *conviction* I

conceive is intended not barely a conviction by verdict where no judgment is given, but it must be a conviction by judgment." 1 Hale P. C. 686. In *Commonwealth* v. *Fugate*, 2 Leigh (29 Va.) 724, decided in 1830, the Supreme Court of Virginia held that despite statutory changes in the common law as to the punishment of felons, it was still the law in Virginia that a justice forfeited his office upon conviction and attainder of a felony. As attainder followed or was the effect of the judicial sentence, it is manifest that the Virginia court meant that such a conviction should embrace both verdict and judgment. The above section became a part of our Constitution in 1872, and was taken from the Virginia Constitution, adopted in 1851. Its proponent at the Virginia convention was delegate R. E. Scott of Fauquier, a celebrated lawyer. The chairman of the judicial committee of the convention was R. C. L. Moncure, later president of the state Supreme Court. Many other able lawyers were delegates. The presumption is inescapable that Mr. Scott and the other learned attorneys at the convention were conversant with the construction placed on such a conviction both at common law and by the Virginia court, and that the Virginia convention accepted that construction. In adopting the Virginia law, we also adopted the Virginia construction. The word "conviction" as used in the above section is therefore held to imply both a verdict of guilty and the sentence of the court thereon. See generally 16 C. J. pp. 1266, 1267, § 3002; Annotation 24 A. L. R. 1290.

Mr. Camp favors that construction as far as it goes, but insists that it should require also the adjudication of a court of last resort. His counsel with great diligence have assembled a number of cases as supporting this contention. But examination shows that the cases were based either on facts or enactments dissimilar to those in this case. It is true the citations support the proposition that in order for a conviction to work a disability, "a final adjudication by judgment" is requisite. But that requirement does not imply the finality of appellate adjudication. Mr. Camp's contention is gainsaid both by legislative and judicial declarations in this state. In 1882, an act was passed by our Legislature, which provided: "No

person convicted of * * * felony * * * shall, while such conviction remains unreversed be elected or appointed to any office * * * and, if any person while holding such office, be so convicted, the office shall be thereby vacated." See Acts 1882, chapter 42, § 4. This section appears as section 4, chapter 7, of the Code of 1923. As the Legislature expressly forbade the selection to office of one under an unreversed conviction for a felony, it could not have intended to tolerate the continuation in office of such a person pending appellate review. The very wording of the act shows that the Legislature construed the constitutional disability as applying to a *conviction* in itself without respect to appellate affirmance. "I have no doubt," said BRANNON, JUDGE, in *McDonald* v. *Guthrie*, 43 W. Va. 595, 596, 27 S. E. 844, 845, "that if, upon indictment for the offenses specified in section 4, art. IX, the party (a county officer) be convicted, the judgment would itself work his removal from office." In *State* v. *Savage*, 86 W. Va. 655, 104 S. E. 153, this court stated with precision that the finality of judicial ascertainment requisite in a conviction, is finality, "so far as the trial court is concerned." We consider this ruling sound. Otherwise, an officer under conviction could administer the duties of his office from the jail, or penitentiary even, during the interval (eight months) allowed for application to this court, simply by not securing appellate review. The mere statement of the alternative repels it.

The robe of innocence with which the law invested Mr. Camp during trial was stripped from him by the verdict of the jury. The judgment of the court has put upon him the garb of guilt. A legal as well as laical presumption has now arisen that his conviction is just. Jones Comm. on Ev. (1st Ed.) § 12d; 2 Bishop's New Cr. Procedure (2d Ed.) § 1103; Underhill's Cr. Ev. (3rd Ed.) § 42; 17 C. J. p. 225, § 3571; *Hawkins* v. *State*, 142 Tenn. 238, 218 S. W. 397. It is essential to our government that public officials have the confidence of the people. That confidence cannot extend to an official under conviction for malfeasance in office. His rights are subordinate to the public weal. The possibility that his conviction may ultimately be reversed cannot weigh against public dissatisfaction with,

and public mistrust of him pending appellate hearing. Public policy demands a rigid construction of this law was well as its rigid enforcement. With pitiless propriety the Supreme Court of Virginia said, that when the people established the Constitution they never intended that a public office ''should be contaminated by the presence of a convicted * * * felon.'' *Commonwealth* v. *Fugate, supra*, page 726 of 2 Leigh (29 Va.). Under enactments similar to ours, the Supreme Court of California held: ''If a public officer is convicted of a felony and sentenced upon such conviction, the effect of the judgment as terminating his title to the office is not avoided by his prosecuting an appeal and obtaining from the judge a certificate of probable cause. *McKinney* v. *Horton*, 151 Cal. 711, 121 A. S. R. 146, 13 L. R. A. (N. S.) 661.

We accordingly hold that under the Constitution the conviction of Mr. Camp vacated his office. Under Code, c. 45, § 32, it then became the duty of the presidents of the several boards of education of Kanawha county to appoint his successor. This duty they have failed to perform. Therefore the peremptory writ will issue.

*Peremptory writ issued.*