## HINSON v. ROBINS.

No. 22122. Opinion Filed Oct. 4, 1932.

Cleon A. Summers, Bower Broaddus, Thos. J. Wiley, and A. M. deGraffenried, for plaintiff in error.

M. E. Rosser, Joseph C. Stone, Francis Stewart, W. R. Banker, and J. H. Kennedy, for defendant in error.

CLARK, V. C. J. This is an action commenced in the district court of Muskogee county by plaintiff in error, against the defendant in error, for injunction from obstructing and interfering with plaintiff in the performance of his duties as county commissioner of Muskogee county, district No. 1, and from asserting a claim to said office, and from attempting to participate in the proceedings of said board in any way, or acting as said county commissioner.

The trial court denied the plaintiff the relief prayed for, and granted defendant the relief prayed for in his cross-petition, adjudging the defendant the duly appointed, qualified, and acting county commissioner of district No. 1, of Muskogee county, and enjoined the plaintiff from performing or undertaking to perform any of the duties pertaining to said office. To all of which plaintiff excepted; motion for new trial was filed and overruled, and plaintiff brings

the cause here for review by petition in error with case-made attached.

C. R. Hinson, plaintiff in error herein, who was plaintiff below, was duly elected to the office of county commissioner, district No. 1, Muskogee county, his term of office beginning on the first Monday in July, 1927, for the six-year term. His bond was filed and approved, he took the oath of office, and entered upon the duties of his office.

Thereafter, and on the 22nd day of October, 1930, there was filed in the district court of Muskogee county an action by the State of Oklahoma ex rel. S. H. Lattimore, County Attorney of Muskogee County, against C. R. Hinson and Federal Surety Company, who was surety on the bond of C. R. Hinson, as such county commissioner, and against the other county commissioners of said county and their sureties on their official bonds, which suit was based upon certain unlawful contracts, and moneys paid thereon by said county commissioners. Summons was issued and served and motions filed in said cause.

Thereafter, and on the 17th day of December, 1930, judgment was rendered in said cause of State of Oklahoma ex rel. S. H. Lattimore, County Attorney of Muskogee County, v. C. R. Hinson, Federal Surety Company et al. against C. R. Hinson, as principal, and the Federal Surety Company, as surety on the official bond of C. R. Hinson, for breach of his official bond, and other defendants therein named; as shown by the journal entry filed and recorded therein.

Thereupon, the Federal Surety Company paid said judgment in open court, and the same was released as to the Federal Surety Company, and the rights of the plaintiff (Muskogee county) therein as against C. R. Hinson and others were set over unto the Federal Surety Company.

Upon the hearing had in said cause wherein the said judgment was rendered on the 17th day of December, 1930, the record discloses that plaintiff in error C. R. Hinson appeared by his attorney, and that all parties announced ready for trial, and judgment was rendered after a hearing therein.

Thereafter, and on the 24th day of December, 1930, an order was made and entered in said cause of Muskogee County v. Hinson et al. reciting that the Federal Surety Company had been made the owner of said judgment entered on the 17th day of December, 1930, against C. R. Hinson, by reason of having paid the loss or amount of said judgment, and said judgment was satisfied as against the said Federal Surety Company; and that the county of Muskogee had no further interest in said judgment, and that the Federal Surety Company and C. R. Hinson appeared by their attorneys and agreed that the said judgment may be set aside, and ordered, adjudged, and decreed that the said judgment against C. R. Hinson, and the said Hinson only, on the official bond of C. R. Hinson, be and is hereby set aside and held for naught, and further recited:

"And the said Federal Surety Company being the owner of said claim, does hereby dismiss any and all claims against the said C. R. Hinson, and satisfies the same in full."

Thereafter, and on the 27th day of January, 1931, a "Declaration of Vacancy" in the office of county commissioner held by C. R. Hinson was signed by the Governor of Oklahoma, reciting the rendition of the judgment of December 17, 1930, against said C. R. Hinson for breach of his official bond, and that said judgment had created a vacancy in said office, and declaring C. R. Hinson no longer commissioner of said county, and declaring a vacancy to exist in said office; which was filed in the office of the county clerk of Muskogee county on January 30, 1931.

Also, on the 27th day of January, 1931, the Governor of Oklahoma appointed and commissioned the defendant in error herein commissioner of district No. 1 of Muskogee county, succeeding C. R. Hinson, plaintiff in error herein, removed by virtue of judgment of Muskogee county against C. R. Hinson et al. on account of breach of his official bond, which appointment and commission was filed in the office of county clerk of Muskogee county January 30, 1931.

The agreed statement of facts in the trial of the case at bar shows that the defendant in error herein filed a bond, which was approved, and took the oath of office, as provided by law, and attempted to enter upon the duties of said office.

Section 132, C. O. S. 1921 [O. S. 1931, sec. 3408] provides:

"Every office shall become vacant on the happening of either of the following events before the expiration of the term of such office: * * * Third: Whenever any judgment shall be obtained against him for a breach of his official bond. * * * The fact by reason whereof the vacancy arises shall be determined by the authority authorized to fill such vacancy."

Plaintiff in error contends that no vacancy existed in said office by reason of the

judgment against C. R. Hinson, for breach of his official bond, for the reason said judgment had been vacated. And, further, that the Governor had no jurisdiction to appoint defendant in error herein to fill said office, for the reason that no vacancy existed in said office at said time.

With this contention we cannot agree. Upon the rendering of the judgment of December 17, 1930, adjudging that C. R. Hinson had breached his official bond, and rendering judgment against him and his bondsmen, the office of county commissioner of district No. 1, held by C. R. Hinson, became vacant by operation of law ipso facto.

In the case of People ex rel. Fleming v. Shorb (Cal.) 35 P. 163, in the first paragraph of the syllabus, the court said:

"Under Pol. Code No. 996, providing that an office shall become vacant before the expiration of the term on the incumbent's absence from the state, without permission of the Legislature, beyond the period allowed by law; and section 4120 forbidding a county officer to absent himself from the state for more than 60 days, or for any period, without the consent of the board of supervisors, such absence, ipso facto, creates a vacancy in his office, and in the office of each of his deputies, and the appointing board may appoint another to fill the office."

Also, in the case of McKannay v. Horton, Auditor (Cal.) 91 P. 598 in the second paragraph of the syllabus, the court said:

"Under the provisions of the charter of San Francisco that an office becomes vacant when the occupant is convicted of a felony, there is a vacancy in the office of mayor when a verdict of guilty has been entered on trial of the mayor for a felony, and the board of supervisors has, on the judgment thereon being certified to them, declared the office vacant, though an appeal from the judgment is perfected and a certificate of probable cause granted."

29 Cyc, at page 1401, states the rule with reference to vacancies in office as follows:

"A vacancy in office, for any of the causes enumerated in the statute, occurs usually at the time of the happening of the event whose occurrence is by the statute the cause of the vacancy, and no judicial determination that a vacancy has occurred is necessary."

We are of the opinion that the order of December 24, 1930, attempting to set aside the judgment of Muskogee county against C. R. Hinson and his bondsmen, is a nullity for the reason the judgment had been paid and satisfied and was no longer in existence.

The judgment had been settled and satisfied by the surety. Muskogee county, plaintiff therein, had no further interest therein, and the record discloses that C. R. Hinson made settlement with the surety. The effect of the order of December 24, 1930, was settlement and satisfaction by the surety of C. R. Hinson, and the said C. R. Hinson. The agreement recited in the order was between the surety on the official bond of C. R. Hinson, and the said C. R. Hinson, through their respective attorneys.

Section 134, C. O. S. 1921 [O. S. 1931, sec. 340] provides in part:

"All vacancies in office, except in the office of the members of the Legislature, shall be filled by appointment, as follows: * * * Third: In all other county offices, by the county commissioners, and in the board of county commissioners, by the Governor. * * *"

Upon the rendition of the judgment on December 17, 1930, against C. R. Hinson for breach of his official bond, the office of county commissioner of district No. 1, Muskogee county, held by Hinson, became vacant by operation of law ipso facto, and the Governor of Oklahoma, under section 134, supra, had the authority to fill said vacancy by appointment.

The judgment is affirmed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. HEFNER, J., absent.