STATE OF FLORIDA, *ex rel.* CARY D. LANDIS, as Attorney General, v. WENDELL C. HEATON and C. A. BRITTON, as members of the Florida Industrial Commission.

180 So. 766.
Division A.
Opinion Filed April 21, 1938.

*Crawford & May,* for Relator.

*Whitfield & Whitfield,* for Respondents.

BUFORD, J.—This is an action in quo warranto in which the information was filed in the name of the Attorney General of Florida to contest the validity of the appointment of Wendell C. Heaton and C. A. Britton as members of the Florida Industrial Commission under the provisions of Section 44 of Chapter 17481, Acts of 1935, as amended by Section 15 of Chapter 18413, Acts of 1937.

Amended Section 44, *supra,* provides, amongst other things, as follows:

"The Commission shall consist of a Chairman and two other members to be appointed by the Governor. Not more than one appointee shall be a person who on account of his

previous vocation, employment or affiliation shall be classified as a representative of 'employers,' and not more than one such appointee shall be a person who on account of his previous vocation, employment or affiliation shall be classified as a representative of 'employees.' "

The information alleges that Heaton, Britton and one Lay constitute the Florida Industrial Commission and that they were each appointed by the Governor to exercise the powers of their respective offices, and further alleges:

"3. That for a long time prior to his said appointment as a member of said Florida Industrial Commission, and subsequent thereto, the respondent Wendell C. Heaton was President of the Florida State Federation of Labor, and at one time theretofore was an active member of a local carpenters' union; that said Florida State Federation of Labor is an organization made up of local labor unions affiliated with the American Federation of Labor; that all activities of said labor organizations are solely in the interest of employees as distinguished from employers within the intent and meaning of said statute.

"4. That for a long time prior to his said appointment as a member of said Florida Industrial Commission, and subsequent thereto, the respondent C. A. Britton was a Vice-President of said Florida State Federation of Labor, and an active member of the Pensacola (Florida) Central Labor Union; that said Florida State Federation of Labor is an organization made up of local labor unions affiliated with the American Federation of Labor; that all activities of all said labor organizations are solely in the interest of employees as distinguished from employers within the intent and meaning of said statute.

"5. And so it is that the said respondent Wendell C. Heaton and C. A. Britton are both, by reason of previous

vocation, employment or affiliation, representatives of employees on said Florida Industrial Commission contrary to and in violation of the said provisions of said statute."

The answer of Britton alleges:

"That on June 30th, 1937, this Respondent appeared in the office of the Governor of the State of Florida for the purpose of receiving a Commission as Member of the Florida Industrial Commission; that on the above date, and at the same time, there appeared Wendell C. Heaton, the then Chairman of the Industrial Commission, and one E. T. Lay; that the Governor then signed and presented to Wendell C. Heaton a Commission as Chairman of the Florida Industrial Commission and a Commission to E. T. Lay, as Member of the Industrial Commission, then a Commission to this Respondent, as Member of the Florida Industrial Commission. Thereupon, Wendell C. Heaton, first, as Chairman signed his oath of office with the Secretary of State, paid his necessary filing fee and filed his bond to qualify as Chairman of the Florida Industrial Commission from July 1, 1937, to July 1, 1941; thereupon, E. T. Lay, followed the same procedure and then this Respondent followed the same procedure, thereby qualifying all three members. The following day the Secretary of State's Office issued Commissions, a copy of this Respondent's said Commission being attached hereto and marked Exhibit 'A.' That neither the appointment nor the Commission issued to this Respondent qualifies or states any compliance whatsoever with Section 44 (b) of Chapter 18,413, Acts of 1937, Laws of Florida, that is, whether or not this Respondent's appointment was that of a representative of employers or a representative of employees as will be shown by the certified copy hereto attached and marked Exhibit 'A.'

"That from July 1st, 1937, until March 12th, 1938, this Respondent held the office of Member of the Florida Industrial Commission and exercised all the privileges and duties imposed thereunder until March 12th, 1938, at which time this Respondent tendered his resignation to the Governor of Florida by telegram and the same day confirmed this telegram by mail, duly stamped and addressed to the Governor of the State of Florida and deposited it in the Post Office at Pensacola, Florida, on March 12th, 1938, a copy of which said telegram and letter is hereto attached and marked Exhibit 'B' and 'C,' respectively.

"That among the reasons assigned for the resignation was that this Respondent had been employed by the County School Board of Escambia County as an Instructor, which position is full time and will make it impossible for this Respondent to perform any of the duties of Member of the Florida Industrial Commission.

"That from March 12th, 1938, this Respondent has devoted his entire time as Instructor and has not exercised any authority or done any work whatsoever as Member of the Florida Industrial Commission. That this Respondent considers his tenure of office as Member of the Florida Industrial Commission ended as of March 12th, 1938, and it is and was his intention to sever his official connections with the Florida Industrial Commission from March 12th, 1938.

"This Respondent, further answering, therefore says that he has resigned as a Member of the Florida Industrial Commission and does not claim to hold, use and exercise the office of Member of the Florida Industrial Commission nor the powers and duties of that office."

The matter is before us on demurrer to the answers of Britton and Heaton. It is not necessary to discuss Heaton's answer. The answer of Britton shows that the question attempted to be presented has become moot. Britton

has resigned and abandoned the office according to the averments of his answer and no longer exercises any of the functions of the office to which he was appointed. His reasons for resigning are immaterial. The fact is that he has exercised the right to resign and, having resigned in due and lawful form and abandoned the office, the office is vacant and may be filled by appointment by the Governor.

It is contended in the demurrer that it is not alleged in the answer of Britton that his resignation has been accepted by the Governor and it is also contended that until accepted by the Governor the alleged resignation of Britton is wholly ineffective. We cannot agree with this contention because the answer not only alleges the resignation, but also the abandonment of the office. When Britton resigned and abandoned the office he did all that he could do, and all that he is required to do, to divest himself of his official character.

In the case of State, *ex rel.* Landis, v. Byrd, 120 Fla. 780, 163 Sou. 248, we said:

"An office may become actually vacant as by death, due removal from office, abandonment or other causes; and the Constitution and statutes may provide that an office shall be deemed vacant or shall become vacant upon grounds or for reasons stated in the law. In either class of cases the Governor is authorized to fill the actual or declared vacancy by executive appointment, even though Section 14 of Article XVI of the Constitution provides that officers shall continue in office after the expiration of their official terms until their successors are duly qualified; for if there is an actual or declared vacancy and the Governor is authorized to appoint an officer to fill the vacancy, Section 14 of Article XVI is not applicable."

So, the office is vacant by reason of the resignation and abandonment.

See also 29 Cyc. 1403 and 1404, where it is held:

"Office may be terminated by abandonment. Abandonment means failure to perform the duties of the office."

In the case of Tooele Co. v. De La Mare, 59 Pac. (2nd) 1155, it is held:

"An officer is not required to hold over until a successor is elected and qualified, since officers have a right to resign."

Section 396 R. G. S., 461 C. G. L., provides in part as follows:

"Every office shall be deemed vacant in the following cases: First, By the death of the incumbent. Second, By his resignation."

In the case of State, ex rel. Almon, v. Fowler, 160 Ala. 186, 48 Sou. 985, the Supreme Court of Alabama said:

"An unconditional resignation of a public office, to take effect immediately, cannot be withdrawn, even with the consent of the power authorized to accept it, and it does not seem to be material that the resignation had not been accepted. State v. Fitts, 49 Ala. 402, 23 Am. and Eng. Ency. Law 424. A contingent or a prospective resignation, however, can be withdrawn at any time before it is accepted. 29 Cyc. 1404. There are some authorities, however, holding that a resignation of a public office does not take effect until an acceptance, among which will be found the leading case of State v. Clayton, 27 Kan. 442, 41 Am. Rep. 418. But our Court has, by the Fitts case, *supra,* become committed to the doctrine that an acceptance is not necessary, when the resignation is unconditional and goes into effect immediately."

In the following jurisdictions it is held that acceptance of resignation is unnecessary to create a vacancy:

"California.     People v. Porter, 6 Cal. 26.
"Indiana.       Leech v. State, 78 Ind. 570.

"Iowa.   Gates v. Delaware City, 12 Iowa 405.
"Nebraska.   State v. Lincoln, 4 Neb. 260.
"Nevada.   State v. Clarke, 3 Nev. 566.
  State v. Beck, 24 Nev. 92.
"New York.   Olmsted v. Dennis, 77 N. Y. 378.
  Conner v. New York, 2 Sandf. 355.
  Affirmed 5 N. Y. 285.
"Ohio.   Reiter v. State, 51 Ohio St. 74.
"Missouri.   State v. Bus, 135 Mo. 325.
"Federal. U.   U. S. v. Justice, 10 Fed. Rep. 460."

In this jurisdiction, however, in an advisory opinion to the Governor, 117 Fla. 773, 58 Sou. 441, we held:

"Under the Constitution and Laws of this State, the Governor is authorized to grant a commission to fill a vacancy only when an office 'shall become vacant.' When an officer tenders his resignation to take effect at a subsequent date, the office does not 'become vacant' until the date on which the resignation becomes effective, though before such effective date of the resignation the Governor may grant a commission to an appointed successor to be effective the day the resignation takes effect.

"But if under lawful circumstances the incumbent files a written withdrawal of his resignation before the Governor grants a commission to a successor appointee and before the effective date of the resignation such *bona fide* withdrawal operates ordinarily to prevent the office from becoming vacant to be filled by the granting of a commission by the Governor. This is so since the office does not 'become vacant' until the date the resignation becomes effective; and a vacancy can be filled only by granting a commission to an appointee; and until a commission is granted to a successor appointee, or until the effective date of the resignation, the Governor may not have cause to re-

fuse a withdrawal of the resignation; and until a commission is granted to him the contemplated successor acquires no substantial right as an appointee."

In that case the resignation was conditioned to take effect at a future date and we held that no vacancy existed until the effective date of the resignation.

In the case at bar the resignation was effective immediately and was coupled with abandonment of the office.

The question presented having become moot, the demurrer is overruled, the answer of Britton is held sufficient and the information is quashed.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN, J., concur in the opinion and judgment.

CHAPMAN, J., not participating.