STATE, EX REL. RICHARD C. HUNTER, ATTORNEY GENERAL, RELATOR, v. WALTER H. JURGENSEN, RESPONDENT.

280 N. W. 886

FILED JUNE 25, 1938. No. 30410.

*Richard C. Hunter, Attorney General, Barlow Nye* and *Francis V. Robinson,* for relator.

*Richard F. Stout* and *Jay O. Rodgers, contra.*

Heard before ROSE, EBERLY, DAY, PAINE and MESSMORE, JJ., and KROGER, District Judge, with CARTER, J., participating on briefs.

KROGER, District Judge.

The state of Nebraska, on the relation of the attorney general, brings this action in *quo warranto,* as an original action in this court, to determine by what right Walter H. Jurgensen, the respondent, assumes to act as lieutenant governor of the state of Nebraska.

In his information the relator states that Walter H. Jurgensen was elected lieutenant governor of the state of Nebraska for the term commencing January 7, 1937, and qualified as such officer and entered upon the duties of such office; that on May 15, 1937, an information was filed in the district court for Lancaster county, Nebraska, charging the respondent with the commission of a felony; after arraignment and plea of not guilty, a trial was had before said court and a jury and on February 9, 1938, respondent was found guilty as charged; that on March 7, 1938, respondent's motion for a new trial was overruled and the court thereupon entered its judgment in the case and sentenced him to imprisonment in the Nebraska state penitentiary for a term of not less than two nor more than five years; that thereafter on March 9, 1938, respondent prosecuted a proceeding in error to the supreme court from such

judgment and sentence, which is now pending. Relator states that by reason of the foregoing facts the office of lieutenant governor of Nebraska became vacant on March 7, 1938, but that notwithstanding such fact the respondent has and is now assuming to act as such officer. Relator prays that the court enter its judgment that the office of lieutenant governor of Nebraska has been vacant at all times since March 7, 1938, and that respondent has forfeited all claims to said office and that he be ousted and excluded therefrom.

To this information the respondent has filed his answer in which he admits the facts set out in the information, but asserts that no final order or judgment has been entered so as to constitute a conviction within the meaning of the Constitution of the state of Nebraska, due to the fact that respondent has prosecuted proceedings in error from such judgment and sentence, and his error proceeding has not been disposed of.

Thereupon relator moved for judgment on the pleadings.

As stated by respondent in his brief filed herein, there is but one issue involved and that is: Is the verdict of the jury and the order, judgment and sentence of the district court, from which verdict, order, judgment and sentence respondent has prosecuted a proceeding in error, a "conviction of a felony" within the meaning of section 23, art. III of the Constitution of Nebraska?

The Constitution provides in section 23, art. III: "All offices created by this Constitution shall become vacant by the death of the incumbent, by removal from the state, resignation, conviction of a felony, impeachment, or becoming of unsound mind."

While the question thus presented has not been passed upon by this court, it has been decided by the courts of last resort of a number of other states. *McKannay v. Horton,* 151 Cal. 711, 91 Pac. 598; *State v. Langer,* 65 N. Dak. 68, 256 N. W. 377; *Attorney General v. Montgomery,* 275 Mich. 504, 267 N. W. 550; *State v. Redman,* 183 Ind. 332, 109 N.

E. 184; *Matter of Obergfell,* 239 N. Y. 48, 145 N. E. 323; *State v. Levi,* 109 W. Va. 277, 153 S. E. 587; *State v. Chapman,* 187 Wash. 327, 60 Pac. (2d) 245, 106 A. L. R. 640; *Becker v. Green County,* 176 Wis. 120, 135, 184 N. W. 715, 186 N. W. 584; *Commonwealth v. Davis,* 299 Pa. St. 276, 149 Atl. 176; *Commonwealth v. Lockwood,* 109 Mass. 323; *State v. Alexander,* 76 N. Car. 231; *Quintard v. Knoedler,* 53 Conn. 485, 2 Atl. 752; *State v. Fousek,* 91 Mont. 448, 8 Pac. (2d) 791, 84 A. L. R. 303; *Advisory Opinion to the Governor,* 75 Fla. 674, 78 So. 673.

A comparison of constitutional or statutory provisions under consideration in those cases with section 23, art. III of the Nebraska Constitution, discloses that there is no material difference in their wording. With but one exception, the holding has been that, where a plea or verdict of guilty has been entered and the trial court has entered its judgment and sentenced the accused, there has been a conviction within the meaning of the term as used in the Constitution or statute providing that a public office shall become vacant upon conviction of a felony, and that such vacancy occurred notwithstanding the fact that a proceeding in error was taken or pending from such conviction. The basis of these decisions was succinctly stated in the case of *State v. Fousek, supra,* when the court said: "The reason for the enactment of section 511 was the underlying principle that the security of our government depends upon respect for laws and the confidence of the people in our public officers. The legislature has declared, in effect, that that confidence cannot extend to an officer convicted of a felony. *State v. Levi,* 109 W. Va. 277, 153 S. E. 587. Nor can the people generally have the proper respect for laws if their officers treat the laws with indifference." And to like effect were the remarks of the California court in the case of *McKannay v. Horton, supra,* wherein the court said: "No man has a property right in an office paramount to the public interest. He has a property right in the salary and emoluments of an office while he is capable of discharging and actually discharges its duties, but when by

his fault or misfortune he is no longer able to render the service the public interests demand that he shall give way to some one who can. An official who is declared insane is simply unfortunate, but he ceases to be an official; an innocent man who is unjustly convicted of a felony is doubly unfortunate, but the fact that he may by means of an appeal ultimately succeed in establishing his innocence does not entitle him in the meantime to hold on to a public office which he is no more capable of serving than if he were insane. The law allows an appeal from a conviction of felony because, so far from being against public interest, it is promotive of the public interest that a person accused of crime should have every reasonable opportunity of vindicating his innocence. But if the person so convicted is the incumbent of a public office these considerations do not weigh in favor of retaining him in that position pending an appeal."

Another reason advanced by the cases cited herein is that, after plea or verdict of guilty and judgment and sentence by a court of competent jurisdiction, the presumption of innocence, which up until that time had existed in favor of the defendant, no longer prevails, but, on the contrary, the law from that time on presumes the proceedings to have been regular and the defendant to be guilty. Thus, in the case of State v. Levi, supra, the supreme court of appeals of West Virginia in discussing this question used the following language: "The robe of innocence with which the law invested Mr. Camp during the trial was stripped from him by the verdict of the jury. The judgment of the court has put upon him the garb of guilt. A legal as well as laical presumption has now arisen that his conviction is just. Jones, Commentaries on Evidence (1st ed.) sec. 12d; 2 Bishop, New Criminal Procedure (2d ed.) sec. 1103; Underhill, Criminal Evidence (3d ed.) sec. 42; 17 C. J. 225; Hawkins v. State, 142 Tenn. 238, 218 S. W. 397."

The only case we have been able to find holding to the contrary is the case of Advisory Opinion to the Governor, supra. The governor of Florida had suspended certain

officials under the provision of the Florida Constitution providing for suspension of an officer convicted of a felony, such suspension to continue until the next session of the legislature; and, in an advisory opinion, the supreme court of Florida informed the governor that the suspension under those circumstances did not create a vacancy in the office. No authorities are cited in the opinion and no reasons are advanced in support of the ruling.

In support of his contention that pending the determination of a proceeding in error the judgment of the district court is suspended and that until it is disposed of there is no conviction, the respondent has cited a large number of cases, among them being *People v. Schaller,* 224 App. Div. 3, 229 N. Y. Supp. 492; *People v. Fabian,* 192 N. Y. 443, 85 N. E. 672, 18 L. R. A. n. s. 684, 127 Am. St. Rep. 917, 15 Ann. Cas. 100; *Commonwealth v. Kiley,* 150 Mass. 325, 23 N. E. 55; *State v. Houston,* 103 N. Car. 383, 9 S. E. 699; *Commonwealth v. McDermott,* 224 Pa. St. 363, 73 Atl. 427, 24 L. R. A. n. s. 431; *Staniforth v. State,* 24 Ohio App. 208, 156 N. E. 924.

An examination of these cases, however, discloses that they are not in point.

In the case of *People v. Schaller, supra,* there was a plea of guilty, but the sentence was suspended by the trial court, and it was held that this did not amount to "conviction" so as to increase punishment as an habitual criminal.

In the case of *People v. Fabian, supra,* it was again held that until judgment and sentence were pronounced upon a verdict of guilty there was no conviction.

The case of *Commonwealth v. Kiley, supra,* is a case involving a liquor law violation and there was a verdict of guilty, but no judgment or sentence, and it was held that this did not amount to conviction.

To the same effect is the case of *State v. Houston, supra.*

In the case of *Commonwealth v. McDermott, supra,* defendant was found guilty of the sale of oleomargarin in violation of law, and, before sentence, was charged with a second offense, and it was held: "A defendant cannot be

sentenced for the commission of a second offense at a time prior to any former legal conviction and sentence for a first offense." (24 L. R. A. n. s. 431.)

The case of *Staniforth v. State, supra,* involved a liquor law violation, and it was held that a defendant cannot be convicted of a second offense carrying a greater penalty while his proceeding in error from conviction on the first offense is pending.

As will be seen there was, in each instance, either a suspension of sentence or no judgment or sentence had been entered, or defendant was being prosecuted for a subsequent offense carrying a greater penalty by reason of the former conviction; and the holdings of the courts were to the effect that without judgment and sentence there was no conviction, or that pending determination of a proceeding in error the accused could not be prosecuted for a second offense with increased penalty.

In the instant case there is no suspension of sentence in the legal sense of the term, but the execution of the sentence is suspended pending the determination of a proceeding in error. Comp. St. 1929, sec. 29-2301.

The disqualification for public office resulting from a conviction of a felony has repeatedly been held not to be a punishment, but is imposed in the interest of public policy for the protection of the public and sound government. It is no part of the judgment of the court, but is a consequence of the judgment. *State v. Jones,* 82 N. Car. 685.

Incidentally, section 29-2301, Comp. St. 1929, discloses the interpretation which the people of the state of Nebraska, speaking through their legislature, have placed on the term "conviction," for there we read: "When a person shall be *convicted* of an offense, and shall give notice to the court of an intention to apply for a writ of error, the court may, on application of the person so *convicted,* suspend the execution of the sentence or judgment against him." (Italics ours.)

It would create an unthinkable situation to hold that one, in law presumed to be guilty of a felony, should hold a

position of public trust and honor. There can be no doubt that this was in the minds of the people when they adopted section 23, art. III of our state Constitution. Logic and precedent impel us to the conclusion that the respondent, Walter H. Jurgensen, was convicted of a felony within the meaning of section 23, art. III of the Constitution of Nebraska, and that thereby a vacancy was created in the office of lieutenant governor.

It is, therefore, the judgment of the court that on March 7, 1938, the office of lieutenant governor of the state of Nebraska became vacant and that it has been vacant at all times since that date, and that the respondent, Walter H. Jurgensen, has forfeited all rights to said office and the emoluments thereof. Costs of this action taxed to respondent.