**STATE ex rel. GILES, Attorney General, v. BURKE.**

No. 6379.   Decided October 4, 1941.   (117 P. 2d 454.)

See 46 C. J. Officers, sec. 159; 22 R. C. L., 568 (7 Perm. Supp. p. 5231.

*Grover A. Giles,* Atty. Gen., and *H. F. Smart* and *A. John Brennan,* Deputy Attys. Gen., for plaintiff.

WOLFE, Justice.

Quo warranto to oust T. E. Burke from the office of Justice of the Peace for the 4th Precinct of Magna, Salt Lake County, Utah, on the ground that said Burke was wrongfully holding possession of said office after the same was by law forfeited.

On January 2, 1939, having been elected Justice of the Peace, Burke qualified for office and entered on the duties thereof. On April 8, 1941, Burke was found guilty of violation of Section 103-25-1, R. S. U. 1933. That section made it a felony for a person to deal, carry on, open, or cause to be opened, certain games, naming them, or to conduct either as owner or as employer, such games for money, checks, credit, or other representative of value. Burke was, on April 12, 1941, sentenced to an indeterminate term in the State Prison. On April 14, 1941, he appealed. The sentence was stayed by a certificate of probable cause but the appeal has not yet been argued or submitted to this court.

Sec. 103-1-35, R. S. U. 1933, provides:

"A sentence of imprisonment in the state prison for any term less than for life suspends all civil rights of the person so sentenced during such imprisonment, and forfeits all private trusts and all public offices, authority or power."

The attorney general contends that on conviction of a felony, under this section Burke automatically forfeited his office; that such forfeiture was not a part of the judgment or punishment. The defendant contends that the stay of execution also stayed the forfeiture. The position of the attorney general must prevail. Sec. 103-1-35 is clear and unambiguous: "A sentence of imprisonment in the state prison" works a forfeiture of all public offices. The phrase, "so sentenced during such imprisonment," refers to the civil rights of a person. By the phrase "and forfeits all private trusts and all public offices, authority or power," the law meant to place a limitation on the right to continue in office, that is that the holder thereof must

keep himself free from the conviction of a felony and the sentence of imprisonment pursuant thereto, or suffer the loss of his office.

Statutes with the same meaning as ours have been interpreted as working a forfeiture of office on conviction, which term has sometimes been held to require, in addition, sentencing—a question we do not here need to consider, since in this case, Burke was sentenced.

The forfeiture is not a part of the judgment, but arises by virtue of the sentence imposed pursuant to the defendant's being found guilty of a felony. "The abridgment of the term upon the conviction of the incumbent is not a punishment for his offense. * * * It is an 2, 3 automatic limitation upon the duration of his office." *In re Obergfell,* 239 N. Y. 48, 145 N. E. 323. Whether innocent or guilty of a felony and whether the conviction be later reversed, the policy of the law is to forbid continuance in office by one convicted and sentenced for a felony. *Emmertson* v. *State Tax Comm.,* 93 Utah 219, 72 P. 2d 467, 113 A. L. R. 1174; *McKannay* v. *Horton,* 151 Cal. 711, 91 P. 598, 13 L. R. A., N. S., 661, 121 Am. St. Rep. 146; *Hinson* v *Robins,* 159 Okl. 201, 14 P. 2d 940; *State ex rel. Blake* v. *Levi,* 109 W. Va. 277, 153 S. E. 587; *State ex rel. Guthrie* v. *Chapman,* 187 Wash. 327, 60 P. 2d 245, 106 A. L. R. 640.

Having concluded that ipso facto upon sentence, pursuant to conviction, the incumbency of the defendant in his office was automatically forfeited, we need not consider the question of whether the offense of operating a gambling house constitutes misconduct in the office of Justice of the Peace.

The judgment is that defendant be ousted and altogether excluded from the office of Justice of the Peace for the 4th Precinct of Magna, Utah, and that the defendant surrender the official seal of said office and all the records and papers thereof.

MOFFAT, C. J., and LARSON, McDONOUGH, and PRATT, JJ., concur.