QUESTIONS:
1. Will acceptance of the resignation of Circuit Judge Stewart F. LaMotte affect his legal status?
2. Will such acceptance make any difference as to his pension and retirement rights?
SUMMARY:
Resignation from a judicial office is not effective until acceptancy by the Governor. In view of the pending constitutionally created removal proceedings, it would be the preferable course to decline acceptance and avoid any intrusion into the judicial process. Under present Florida law, retirement benefits are not extinguished by single acts of resignation or removal from judicial office.
The answer to your first question is dependent upon the status of other proceedings potentially affecting Judge LaMotte's status. The Judicial Qualifications Commission (hereinafter commission) is a constitutionally created body, vested with the jurisdiction to investigate and recommend to the Supreme Court of Florida the removal of a judge from office. When such a recommendation is made by two-thirds of the members of the commission, the Supreme Court is empowered to order that the judge be disciplined by appropriate reprimand, removal from office, or involuntary retirement. Section 12(a) and (f), Art. V, State Constitution.
The commission has investigated and has by vote of two-thirds of its members recommended the removal from office of Stewart F. LaMotte. This recommendation was contained in a report to the Supreme Court by the commission as to its proceedings with respect to the matter. In an opinion issued January 4, 1977, the Supreme Court ordered the removal of Judge LaMotte from office with termination of compensation. The removal would become effective upon the opinion becoming final. On January 19, 1977, Judge LaMotte filed a petition for rehearing with the Supreme Court. As a result, the January 4 opinion cannot become final until the petition has been determined by the court. Since the court could modify or set aside its opinion upon rehearing, the present status of Stewart F. LaMotte, aside from consideration of his letter of resignation, is that he holds the office of circuit judge.
The effect of Judge LaMotte's letter should be viewed against constitutional provisions and relevant case law. Section 3, Art. X, State Const. provides:
 Vacancy in office. — Vacancy in office shall occur upon the creation of an office, upon the death of the incumbent or his removal from office, resignation, succession to another office, unexplained absence for sixty consecutive days, or failure to maintain the residence required when elected or appointed, and upon failure of one elected or appointed to office to qualify within thirty days from the commencement of the term.
Vacancy in judicial office also occurs through removal or involuntary retirement by the Supreme Court and impeachment by the Legislature. Section 12, Art. V; s. 17, Art. III. Since these provisions fail to specifically mention voluntary retirement, it can be inferred that it is the intent of the Constitution to regard voluntary retirement from judicial office as a resignation.
Florida case law recognizes the rule that a mere letter of resignation is insufficient to create a vacancy in office. To be effective the resignation must be accepted by a competent authority whose acceptance may be oral, written, or performance of an official act which would ordinarily not be done unless a vacancy had occurred by resignation. State ex rel. Jackson v. Crawford, 79 So. 875 (Fla. 1918); State ex rel. Gibbs v. Lunsford,192 So. 485 (Fla. 1939); cf. State ex rel. Landis v. Heaton,132 Fla. 443, 180 So. 766 (1938); see also Fla. Jur. Public Officers
s. 79.
Thus, submission of the resignation letter is ineffective absent oral or written acceptance or other manifestation such as action by you as Governor pursuant to s. 11, Art. V, State Const., to fill a vacancy in judicial office.
A similar case arose in Texas wherein impeachment proceedings by the State Senate were brought against a public officer, the Governor, who was pronounced guilty of the charges. In disallowing the Governor's attempt to resign the day before the official judgment was rendered, the Texas Supreme Court held that where the Senate had acquired jurisdiction, under the circumstances it could not be deprived of its power to enter its judgment and disqualify him from holding further office. Ferguson v. Maddox, 263 S.W. 888
(Tex. 1925). Since the Supreme Court is presently conducting a removal proceeding in accordance with specific constitutional provisions, and to avoid any question of executive intrusion into judicial matters, it would appear to be the better course of judgment to decline acceptance of the resignation. See In re
Advisory Opinion to the Governor, 276 So.2d 25 (Fla. 1973).
Your second question can be answered somewhat more easily. Section121.091(5)(f), (g), and (h), F. S., provides:
 (f) Any member who has been found guilty by a verdict of a jury, or by the court trying the case without a jury, of committing, aiding, or abetting any embezzlement or theft from his employer, bribery in connection with the employment, or other felony specified in chapter 838, committed prior to retirement, or who has entered a plea of guilty or of nolo contendere to such crime, or any member whose employment is terminated by reason of his admitted commitment, aiding, or abetting of an embezzlement or theft from his employer, bribery, or other felony specified in chapter 838, shall forfeit all rights and benefits under this chapter, except the return of his accumulated contributions as of his date of termination.
 (g) Any elected official who is convicted by the Senate of an impeachable offense shall forfeit all rights and benefits under this chapter, except the return of his accumulated contributions as of the date of his conviction.
 (h) Any member who, prior to retirement, is adjudged by a court of competent jurisdiction to have violated any state law against strikes by public employees, or who has been found guilty by such court of violating any state law prohibiting strikes by public employees, shall forfeit all rights and benefits under this chapter, except the return of his accumulated contributions as of the date of his conviction.
Resignation is not one of the grounds for forfeiture of retirement rights and benefits as set forth in the above statute. Irrespective of whether the vacancy is created by resignation or removal, under existing statutes Judge LaMotte's right to retirement benefits would be determined by the normal procedures employed by the Division of Retirement and would be based upon the criteria specified in the statute and rules administered by that agency. Judge LaMotte would be entitled to any benefits he has acquired the right to as a result of length of service, time of participation in the retirement system, and similar factors. However, if Judge LaMotte is subsequently prosecuted and found guilty of any charge enumerated in s. 121.091, F. S., his retirement benefits may be forfeited.
The Legislature, during the 1977 Session, should address this issue and enact corrective legislation to prevent a judge who has been removed by the Florida Supreme Court from receiving publicly funded retirement benefits. I do not believe that a judge who has created cause for removal by defrauding the public taxpayers should be in a posture to receive retirement benefits that are paid from public funds. I intend to recommend legislative amendments that will accomplish this purpose.
Prepared by: Betty Steffens Assistant Attorney General