THE STATE OF FLORIDA, ON INFORMATION BY THE ATTORNEY GENERAL UPON THE RELATION OF JAMES J. HOLLAND, VS. WILLIAM M. LEDWITH, SHERIFF OF DUVAL COUNTY.

The Constitution of this State provides that certain officers " may be removed from office upon the recommendation of the Governor and consent of the Senate." This power being without limitation, the judicial department of the government cannot create limitations upon it. Neither notice to the officer, nor the making and proving any charge, is essential to its exercise. That an officer may be thus removed is a constitutional incident or limitation upon his right to hold the office, in the same manner as is the limitation of the term to four years, and to be thus deprived of the office without notice or hearing,

is not in conflict with that clause of the Constitution which provides that no person shall be deprived of his property without due process of law.

This is an information in the nature of a quo warranto against William M. Ledwith.

The facts are stated in the opinion.

*E. M. L'Engle* for Relator.

*J. P. C. Emmons* for Respondent.

WESTCOTT, J., delivered the opinion of the court.

The information in this case is upon the relation of James J. Holland, the adverse claimant, and is brought by the Attorney General. It charges Ledwith with a usurpation of the office of Sheriff of Duval county, both as against the people and the said Holland, who claims to have been properly appointed Sheriff of said county before the appointment of Ledwith, for a term that had not expired, and affirms that he had never resigned or been removed from the office. To this information the respondent has filed a plea, to which plea the Attorney General and relator have demurred.

The grounds of demurrer are that the plea does not allege and show that the relator was removed from office upon the recommendation of the Governor and consent of the Senate, according to the Constitution and laws of this State; that it does not state the specific ground or grounds of such removal; that it does not allege or state that the relator had due notice of any ground or grounds of removal, or that he had the opportunity of being heard thereupon, and from aught that appears to the contrary in said plea, the relator was deprived of his office by an ex-parte proceeding and without due process of law.

The facts alleged in the answer are that the Governor of the State of Florida, on the 29th of January, 1869, advised with and asked the Senate to consent to the removal of the

said Holland from the office of Sheriff of Duval county ; that the Governor then assigned his reasons for desiring said removal, and at a subsequent time and on the same day, the Governor recommended and nominated for said office Daniel C. Rodman, and that the said Senate upon the same day consented to said removal of Holland and confirmed the said Rodman as said Sheriff of Duval county.

It is insisted that under the Constitution and laws of this State, the Governor and Senate cannot remove a sheriff except upon charges setting up some specific ground of removal, and after due notice, hearing and conviction of the matters charged. It was also insisted that a sheriff could not be removed except for willful neglect of duty or a violation of the criminal laws of this State, or for incompetency.

If either of these propositions be law, then this plea is not a sufficient answer to the information, as the information sets up a legal appointment of the relator, and the answer fails to set up such facts as are necessary to constitute a legal removal. The questions arising upon this demurrer are, therefore—must the Governor set forth a particular ground for the desired removal of a sheriff? Can he be removed for any other than the causes above enumerated ? Is it necessary to give him notice, and the opportunity for hearing, before such removal by the Governor and Senate can be accomplished ?

The Constitution of this State provides that the Governor by and with the advice and consent of the Senate shall appoint in each county a sheriff, who shall hold his office for four years. (Sec. 19, Art. VI.) It further provides that a sheriff " may be removed from office upon the recommendation of the Governor and consent of the Senate." This is the only provision of the Constitution which relates to the matter of removal in the case of sheriffs. It was insisted that the proviso in Sec. 19, Art. V, limited the power of the Governor and Senate in the matter of a removal of a sheriff. This whole section is as follows :

" The Governor shall appoint, by and with the advice and consent of the Senate, in each county, an Assessor of Taxes and (a) Collector of Revenue, whose duties shall be pre-scribed by law, and who shall hold their offices for two years, and be subject to removal upon the recommendation of the Governor and consent of the Senate. The Governor shall appoint in each county a County Treasurer, County Survey-or, Superintendent of Common Schools, and five County Commissioners, each of whom shall hold his office for two years, and the duties of each shall be prescribed by law. Such officers shall be subject to removal by the Governor when in his judgment the public welfare will be advanced thereby ; *Provided,* No officer shall be removed except for willful neglect of duty, or a violation of the criminal laws of this State, or for incompetency."

The office of a proviso is to limit the operation and effect of what has gone before. This proviso here is a clause in-troducing a condition or limitation upon the power of removal previously granted to the Governor alone, and it relates only to " such officers" as are removable by the Governor alone without the consent of the Senate.

It cannot be denied that the sheriff has a property in his office, and it is true that he cannot be deprived of this prop-erty in his office except by due process of law. The difficulty here arises from misapprehensions as to the extent and meas-ure of his property, and as to the true signification of the terms due process of law when applied to this property. When the sheriff acquired his office, his property in it (the term,) extended only to four years, for the simple reason that the Constitution so limited it. In the same manner and for the same reason, when he acquired that property, it was ac-cepted with the qualification that he could at any time be removed by the Governor and Senate. If he is deprived of his office in accordance with the conditions of the Constitu-tion and by the power which had this right, then he is not deprived of his property without due process of law, but ac-

cording to law. An event has simply happened which put an end to his property in accordance with his understanding when he acquired it, and he is no more deprived of his property without due process of law in the case of removal without notice, than he is in the case of the expiration of his four years without notice. The power of removal here granted to the Governor and Senate is without limitation, is absolute, and is beyond the control of the judicial department of the government. The only question which we can determine in such cases is, is there such a power in the given case? Whether the power exists is a judicial question. If it does exist, however, and is without limitation, then we cannot listen to the complaints of the appointee urging that it has been exercised in his particular case in a despotic manner, purely from prejudice, passion or hate; because even if this be so, it is the act of a power beyond our control and with which we cannot interfere.

Our conclusion is, that the Governor and Senate have, in the case of a sheriff, the absolute power of removal, which they can exercise without notice to the officer and without giving any reason for their act, either to the officer or to any other department of the government.

With these views, the plea is good and the demurrer is overruled, with leave to take issue upon the fact of removal.

The relator thereupon replied, traversing the fact of removal, and by consent the issue of fact thus raised is referred to the court.

Respondent offered in evidence the following communications of his Excellency the Governor to the Senate:

EXECUTIVE OFFICE,
Tallahassee, Fla., Jan. 29, 1869.

To THE SENATE:

I ask the consent of the Senate to the removal of the following named officers, for reasons stated, viz: *   *   *
James J. Holland, sheriff of Duval county, at the request of

State ex rel. Holland v. Ledwith.

the Senator and Representatives, and upon charges of offi-cial delinquency.   Very respectfully, &c.,

HARRISON REED, Governor.

EXECUTIVE OFFICE,  
Tallahassee, Fla., Jan. 29, 1869.

To THE SENATE :

I hereby nominate the following named persons for the offices severally designated, viz :     *     *     *     *     *
Daniel C. Rodman to be sheriff of Duval county in place of James J. Holland, removed.

Very respectfully,

HARRISON REED, Governor.

He also offered the Journal of the Senate of the 30th of January, 1869, in which the following action is stated :

" On motion the Senate went into Executive session.

" The following Executive nominations were confirmed : Daniel C. Rodman to be sheriff of Duval county *in place of James J. Holland, removed.*"

The relator offered no evidence.

Here we have a communication of the Governor to the Senate asking consent to the removal of Holland on the 29th. and a statement in the Senate Journal on the 30th, that another person is confirmed in place of Holland, " *removed.*" It is true that this entry does not state consent to the recommended removal in as accurate language as it might, but it is a statement by the Senate that the officer is removed and another appointed.   The Senate, as a matter of course, knew that its own consent was necessary to a constitutional removal, and with the communication of the Governor before it recommending such action and nominating another person to the office.   A statement by the Senate Journal that the party was removed and that it has confirmed the other person nominated to the same office, necessarily implies the consent of the Senate to the recommended removal.

We find for the respondent upon the issue, and there must be general judgment for the respondent.