THE STATE OF FLORIDA EX REL. JOHN C. LAW, RELATOR, vs. FRANK E. SAXON, RESPONDENT.

1. Proceedings in quo warranto are governed by the same principles and rules that govern in other civil actions; and in such a proceeding a motion to strike out a plea or answer or some matter thereof for irrelevancy, is proper, but not proper on the ground of insufficiency in law. That should be met by demurrer. *Non usurpavit* is not a relevant plea in quo warranto brought by the Attorney-General to oust a party from public office, but allegation of the party that he was elected to the office is relevant, though it may not be sufficient of itself to prevent ouster.

2. In such quo warranto, whether brought on the relation of one claiming the office or not, the burden is on the respondent to show that he holds the office rightfully ; and it is not enough to show due appointment or election, but for full and complete title he must also show that all the requisites required to qualify him to take possession of the office have been complied with. If an oath, bond and commission be required, as in the case of clerks of the Circuit Court in this State, he will be ousted if he has not qualified accordingly.

This is a case of original jurisdiction.

The facts of the case are stated in the opinion of the court.

*Attorney-General, Shackelford & Palmer, Wall & Wall* for Relator.

*R. W. Williams* for Respondent.

MAXWELL, J.: The Attorney-General, on the 4th day of February, 1889, filed an information in this court, on the relation of John C. Law, for a writ of quo warranto against F. E. Saxon, charging, in the usual form that said Saxon has usurped the office of Clerk of the Circuit Court in and for the county of Hernando, in this State, in derogation of the legal rights of said Law, and to his great damage and prejudice, and to the damage and prejudice of the people of the State. A demurrer to the information was overruled, and afterwards respondent filed his plea and answer in substance, as follows :

That he is not guilty of usurping the office.

That an election was held in said county (Hernando) November 6th, 1888, to elect a Clerk of the Circuit Court for said county, and that he was legally elligible and a candidate for said office; that at said election he received the highest number of votes cast for said office—relator, Law, who was also a candidate, receiving 297 votes, and respon-

dent 303 ; that on November 8th, 1888, the county canvass-
ing board proceeded to canvass the returns of said election
so made by precinct inspectors, and said board was noti-
fied by him that the returns from precincts 1 and 5 were
not legal, correct and true, for that the inspectors of said
precincts had not included all the votes actually and le-
gally cast at said election; that said board proceeded with
the canvass and declared as the result that relator received
297 votes, and respondent 290, but the said result is illegal,
incorrect and untrue, the true vote at said election being as
before stated, 297 for relator and 303 for respondent.

The answer goes on to say that respondent, soon after
said canvass, commenced proceedings by mandamus in the
Circuit Court of Hernando county to compel the respec-
tive inspectors of precincts 1 and 5 to count and make re-
turn of all the votes cast at said election in said precincts ;
that a peremptory writ was granted for that purpose, and
that the said inspectors made a recount as commanded,
which gave to relator 297 votes, and to respondent 301, but
that the inspectors of precinct 1 failed to count two votes
cast for respondent, which would make his true vote 303 ;
that said inspectors made return of said recount to the can-
vassing board aforesaid, whereupon respondent applied to
said board to re-assemble and re-canvass the returns, but
two of the members thereof refused to do so, and that then
respondent instituted a mandamus proceeding to compel
said board to act in the premises, but said proceeding is
still undetermined. The answer closes with an offer to
prove its allegations, and asks that proper steps be taken
in this court to procure the evidence.

On the coming in of the answer the relator entered a
motion to strike it out " for irrelevancy and insufficiency,"
and further " to make the rule *nisi* * absolute, because
none of the grounds in the said return * * show any legal

or adequate defense to this action, but that said return is totally insufficient and irrelevant;" and further, that " this court pronounce final judgment of ouster * , said respondent having failed to file any plea, answer or demurrer * , offering any legal defense, &c., to show sufficient cause why said final judgment of ouster should not be awarded."

Except as to *non usurpavit*, which is not permissible as a plea to an information by the Attorney-General in behalf of the people for quo warranto, (State *ex rel.* vs. Gleason, 12 Fla., 190,) this motion cannot be granted. So far as an irrelevant plea, or irrelevant matter such as in the Gleason case was stricken out on motion, is concerned, a motion to strike is proper enough, but the practice does not permit such a motion on the ground of the " insufficiency " of the pleading. It may be relevant, but not sufficient in legal effect, and in such case a motion to strike out will not meet the defect. There is no difference in this respect between a quo warranto proceeding and other civil actions. The general principles and rules of pleading which govern in the latter also govern in the former. High Ex. Rem., section 710. In the present case, excluding the plea of *non usurpavit*, the matter of the answer was intended to show that respondent was entitled to the office because duly elected thereto, but that he had been improperly deprived of the requisite evidence of his election. This certainly is a relevant defence, for if he was duly elected to the office he ought to have it upon duly qualifying; but whether it is a sufficient defence is another question, which should have been presented by demurrer.

To prevent useless delay, however, and as the sufficiency of the answer, apart from its relevancy, was fully discussed by counsel in the argument of the motion, we will express our views on the subject. A case of this sort presents three contestants, the people of the State, represented by the At-

346 SUPREME COURT.

State of Florida ex rel. Law vs. Saxon—Opinion of Court.

torney-General, the relator, claiming the office, and the respondent, who is in the office. As between the people and the respondent, the allegation of usurpation of office throws upon the respondent the burden of showing that he is entitled to it, and that he holds it legally under his title. High Ex. Rem., section 712. For office given by appointment he must show appointment from the proper source, and compliance with other requisites prescribed by law to complete the title by which he holds; for an elective office he must show that he was legally elected, and that he is in the office through the legal steps required for his installation. It is not enough that he should have been appointed or elected. That initiates his title to the office, but if upon that alone he takes possession where other things or acts are to be performed to qualify him for the office, his possession is not legal, and cannot be kept against the complaint of the people in quo warranto. If a commission is to be obtained, an oath to be taken, a bond to be given, or other thing to be had or done, to qualify him to enter upon the duties of the office, he cannot enter legally, and is not an officer legally, until he is equipped as thus required. It necessarily follows, under the rule, that on going into the office without having or doing what is required beyond his appointment or election he is a usurper; for the rule is that to avoid ouster on the complaint of the people, his plea or answer must show full title, and if he fails in any particular, judgment will go against him. High Ex. Rem., section 712; and it will not suffice to allege generally that he was appointed or elected, but he must state the facts specifically. Ibid, section 716.

The Clerk of a Circuit Court in this State must take an oath, must give bond, and must have a commission, before he enters the office; and as to those requisites, so far as his answer shows, the title of respondent is defective, and he

has no sufficient right to be in the office, wherefore, in the eye of the law, he is a usurper. If by amendment the answer can be made sufficient, that privilege will be allowed, and leave will be granted if applied for without delay.