---

ADVISORY OPINION TO THE GOVERNOR.

Opinion Filed April 22, 1915.

SUSPENSION AND REMOVAL OF OFFICER UNDER THE CONSTI-
TUTION—SECTION 15 OF ARTICLE IV OF THE
CONSTITUTION CONSTRUED.

1.  The same acts of commission or omission on the part of an official that will justify his suspension from office will also justify his permanent removal from the same office.

2.  The Governor has no power to permanently remove an offi-

Advisory Opinion to the Governor.

cer from his office unless it be done by and with the consent and concurrence of the Senate. To effect a permanent removal from office both the Governor and the Senate must concur therein.

3. The power of the Governor to simply suspend an officer exists only between the sessions of the Senate. While the Senate is in session he cannot during such session suspend an officer, but can then only recommend to the Senate then in session a permanent removal of such officer.

4. The Governor has no power to postpone to a future date the effectiveness of an order of suspension, since the act of commission or omission on the part of the officer that justifies either his suspension or permanent removal calls for, and it is due to the public that he should be, instantly suspended or instantly removed.

5. Our Constitution makes no provision for any action by the Senate whatsoever upon a report or communication by the Governor of a simple suspension by him of an officer without any recommendation for removal.

6. In every case of a suspension from office the Governor has the power *eo instanti* upon such suspension to appoint some one to perform the duties of the office until such time as the Governor may reinstate the suspended officer, or until the adjournment of the Senate sitting next thereafter. In every case of a permanent removal from office, the Governor *eo instanti* upon such removal becoming effective, has the power to fill such office in all respects as though such officer had died instead of being removed.

Tallahassee, Fla., April 22nd, 1915.

To His Excellency,

Park Trammell,
Governor of Florida,

Sir:—

We have received your communication of the 21st instant, as follows:

Advisory Opinion to the Governor.

"State of Florida, Executive Chamber,

Tallahassee, April 21, 1915.

*To the Honorable Justices of the Supreme Court of Florida:*

Gentlemen—

In pursuance of the provisions of Section 13 of Article IV of the State Constitution, I have the honor to request your opinion as to the interpretation of the provisions of Section 15 of Article IV, in answer to the following inquiries, all of which relate to matters affecting executive powers and duties now pending before me for appropriate action:  ·

FIRST: When the Governor suspends a County Officer at a time when the Senate is not in session and then upon the convening of the Senate he transmits to the Senate a copy of his order of suspension with the request that the Senate concur in his action in making such suspension, and the Senate concurs therein, does such concurrence of the Senate in itself operate as a removal from office of the suspended officer, or is any further proceedings or order necessary on the part of the Governor in carrying out the removal of the officer?

SECOND: If the concurrence of the Senate in the order of the Governor, suspending a County Officer prior to the convening of the Senate does not constitute a removal of such officer, then what action should be taken

by the Governor in order to have the Senate pass upon the question as to whether or not such suspended officer should be removed, or to effect his removal?

THIRD: If the Governor reaches the determination when the Senate is in session that a County Officer should be suspended or removed from office and desires to bring such matter to the attention of the Senate, should he proceed in such case by making an executive order suspending such officer and transmit the same to the Senate for its concurrence; or should the Governor in such case make an executive order removing the officer and transmit the same to the Senate for its concurrence? Are either or both of these courses proper under the Constitution? If the Senate should concur in such order of suspension or order of removal, would such action on the part of the Senate in either case constitute a removal of the officer for the remainder of his term?

FOURTH: What is his authority and what course should be followed by the Governor in suspending or removing a County Officer when the Senate is in session?

FIFTH: When the Senate is in session is it permissible, under the Constitution, for the Governor to make an executive order suspending a county officer, the suspension to take effect at a date subsequent to the date of the order, such date, however, to be prior to the final adjournment of the Senate's session? If this is permissible and such order is promptly communicated to the Senate, what will be the duty and authority of the Governor with respect to filling the vacancy in the office if the Senate concurs in the action of the Governor in

making the order of suspension prior to the date upon which such suspension becomes effective? Would the concurrence of the Senate in such action of the Governor constitute a removal from office without further proceedings and make it the duty of the Governor to fill the vacancy by appointment until the next General Election?

SIXTH: In the event of either suspension or removal by the Governor when the Senate is in session, does such action on his part become effective immediately without action of the Senate and a vacancy arise in the office from which such officer is suspended and thereby make it the duty of the Governor to appoint to the vacancy, or does the officer so suspended or removed by the Governor remain in office until action is taken by the Senate?

Very respectfully,

PARK TRAMMELL,
Governor."

This calls for a construction of the following Section 15 of Article IV of our Constitution:

"All officers that shall have been appointed or elected, and that are not liable to impeachment, may be suspended from office by the Governor for malfeasance, or misfeasance, or neglect of duty in office, for the commision of any felony, or for drunkenness or incompetency, and the cause of suspension shall be communicated to the officer suspended and to the Senate at its next session. And the Governor, by and with the consent of the Senate, may remove any officer, not liable to impeachment, for any cause above named. Every suspension shall continue

until the adjournment of the next session of the Senate, unless the officer suspended shall, upon the recommendation of the Governor, be removed; but the Governor may reinstate the officer so suspended upon satisfactory evidence that the charge or charges against him are untrue. If the Senate shall refuse to remove, or fail to take action before its adjournment, the officer suspended shall resume the duties of the office. The Governor shall have power to fill by appointment any office, the incumbent of which has been suspended. No officer suspended who shall under this section resume the duties of his office, shall suffer any loss of salary or other compensation in consequence of such suspension. The suspension or removal herein authorized shall not relieve the officer from indictment for any misdemeanor in office."

It must be observed that the words "suspension" and "removal" are both used in this section, and that the penalties, *i. e.* suspension from office or removal from office are imposed for identically the same acts of commission or omission on the part of the official, in other words the acts of commission or omission on the part of the official that will justify his suspension from office will also justify his permanent removal from the same office. The true intention of this provision in the organic law is that the Governor has no power to permanently remove an officer from his office unless it be done by and with the consent and concurrence of the Senate. The constitution makers, taking cognizance of the fact that an official not subject to impeachment, might, during the time when the Senate was not in session, be guilty of some act of commission or omission that would justify his removal from office, in order to preserve to the Senate the power delegated to it to concur in such removal before it became permanently

effectual, delegated to the Governor the power, during such recess of the Senate, not to remove, but simply to suspend such officer, enjoining upon him the duty of reporting such suspension with the cause thereof to the Senate at its next session thereafter. If the Governor at the time of his report of such suspension to the Senate at its next session, or at any time during such next session of the Senate, shall recommend to the Senate the removal of such suspended officer, and such Senate consents thereto and concurs with the Governor in such recommendation for removal, the officer becomes *eo instanti* permanently removed, but if such Senate affirmatively refuses to consent to the removal recommended by the Governor, then such previous suspension from office expires and comes to an end *eo instanti* upon the affirmative refusal of the Senate to consent to or concur in the removal recommended. But if the Senate to whom such suspension and recommendation for removal has been reported simply fails to take affirmative action thereon, and so failing adjourns, then upon such adjournment of the Senate such previously made suspension *eo instanti* comes to an end, and the suspended officer at once resumes his office.

As it requires the joint action of both the Governor and the Senate to effect a permanent removal of an officer from his office, if the Governor does not recommend to the Senate the removal of such officer, then such previous suspension likewise terminates with the adjournment of such session of the Senate held next subsequently to such suspension. In conideration of the whole context of the quoted section of our organic law, we are of the opinion that the power of the Governor to simply suspend an officer exists only between the sessions of the Senate, and that while the Senate is in session he cannot during such

session suspend an officer, but can then only recommend to the Senate then in session a permanent removal of such officer. We are further of the opinion that the Governor has no power to postpone to a future date the effectiveness of an order of suspension, since the act of commission or omission on the part of the officer that justifies either his suspension or permanent removal calls for, and it is due to the public that he should be, instantly suspended or instantly removed.

It must be observed also that the section under discussion makes no provision for any action by the Senate whatsoever upon a report or communication by the Governor of a simple suspension of an officer without any recommendation for removal. But as before stated every such permanent removal must be accomplished by the joint action of both the Governor and the Senate. In every case of a suspension from office the Governor has the power *eo instanti* upon such suspension to appoint someone to perform the duties of the office until such time as the Governor may reinstate the suspended officer, or until the adjournment of the Senate sitting next thereafter. In every case of a permanent removal from office, the Governor *eo instanti* upon such removal becoming effective, has the power to fill such office in all respects as though such officer had died instead of being removed.

Very respectfully yours,

R. F. TAYLOR,
*Chief Justice;*

T. M. SHACKLEFORD,
R. S. COCKRELL,
J. B. WHITFIELD,
W. H. ELLIS,
*Justices.*