STATE OF FLORIDA ex rel. L. M. HATTON, JR., *Relator,* vs. ROBERT T. JOUGHIN, *Respondent.*

145 So. 174.

En Banc.

Opinion filed January 5, 1933.

*Dickenson & Lake* and *Waller & Pepper*, for Relator;

*Charles F. Blake, Peter O. Knight, Sutton, Tillman & Reeves* and *Pat Whitaker* for Respondent.

On Petition for a Rehearing.

Per Curiam.—A petition for rehearing suggests that in our previous decision of this case there is an irreconcilable conflict between that opinion and what was said in State ex rel. Attorney General vs. Johnson, 30 Fla. 433, 11 Sou. Rep. 845, as well as what was said in ADVISORY OPINION TO THE GOVERNOR, 69 Fla. 68 Sou. Rep. 450.

No purpose was expressed in our opinion filed Dec. 12, 1931 (reported in 103 Fla. 877, 138 So. 392) to overrule or modify what was said in either of the two previous decisions cited, nor are we able to comprehend where there is any conflict such as the petition for a rehearing asserts exists.

Assuming that it is true that the Governor's communication to the Senate, when liberally construed, does not contain a sufficient recommendation for removal from office to comply with the requirements of Section 15 of Article IV of the Constitution, as it was construed by this Court in Advisory Opinion to the Governor, 69 Fla. 508, 68 So. 450, it cannot be said that the Senate's action based on the communication that was actually sent to the Senate by the Governor in this case, was so nugatory that after the Senate had accepted it as being sufficient, and had had a hearing and acted on it without any protest or objection at the time, on the part of the affected officer, whose conduct is consistent with the idea that he himself accepted and regarded it as sufficient to authorize the Senate to proceed, that the Senate's action can be collaterally at-

tacked and avoided after the Senate has acted and adjourned, as was the case here.

The power conferred upon the Governor and the Senate by Section 15 of Article IV of the Constitution to bring about the removal of certain officers for specific causes, implies authority to judge of the existence of the cause, and orders made in the exercise of that power are presumptively valid and based upon sufficient procedural steps to warrant the same, unless the contrary is clearly made to appear. Courts have no power, *per se*, to annul or set aside the irregular acts of the Governor or other officials or departments of the government, and where the record shows that the Senate has affirmatively given its "consent" to the permanent removal of a county officer, under Section 15 of Article IV of the Constitution, the Courts may indulge the presumption that the "consent" of the Senate was based upon a proper recommendation of the Governor, unless that presumption be clearly and affirmatively overthrown by the party upon whom the burden rests to maintain that contention, and in every case, all reasonable intendments will be indulged in to support the sufficiency of the challenged acts of the Governor and the Senate.

The petition for a rehearing should be denied and it is so ordered.

BUFORD, C.J., AND WHITFIELD, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents.