STATE ex rel. GEORGE COUPER GIBBS, Attorney General, v. N. B. LUNSFORD and W. R. GRICE.

192 So. 485

En Banc

Opinion Filed December 8, 1939

George Couper Gibbs, Attorney General, and Tyrus A. Norwood, Assistant Attorney General, for Relator;

B. K. Roberts, for Respondent Grice;

Mathis, Mathis & Mathis, for Respondent Lunsford.

CHAPMAN, J.—This is a case of original jurisdiction. The State of Florida, upon the relation of George Couper Gibbs, Attorney General of Florida, filed in this Court a petition for writ of quo warranto against N. B. Lunsford and W. R. Grice, who are, it is made to appear, usurping the duties of Constable of the Justice of the Peace District

No. 1, in and for Bay County, State of Florida. The writ of quo warranto issued and was served on the respondents, N. B. Lunsford and W. R. Grice, and each filed answers or returns as required by law.

There is little, if any, dispute in the facts as shown by the pleadings. The facts are, viz.: On January 5, 1937, Wallace Caswell was commissioned as Constable for Justice of the Peace District No. 1 of Bay County, Florida, for a period of four years. On August 27, 1937, Wallace Caswell was suspended from the office of constable for alleged malfeasance, and on September 11, 1937, N. B. Lunsford was appointed constable and duly commissioned for the period of time authorized by law.

On November 7, 1938, W. B. Caswell, Jr., sent from Panama City, Florida, to the Governor at Tallahassee, Florida, the following letter, viz.:

"Panama City Florida, November 7th, 1938.
"Honorable Fred P. Cone,
 Governor State of Florida,
 Tallahassee, Florida.
"Your Excellency:

"I hereby tender my resignation as Constable from District number one, Bay County, Florida, effective as of date, November 7th, 1938. Thanking you for all past favors and considerations, I beg to remain, as ever

"Yours respectfully,
"W. B. Caswell, Jr., Constable District No. 1.
"ACCEPTED NOVEMBER 9th, 1938.
"FRED P. CONE, Governor
 "Filed in Office Secretary of State
of the State of Florida, this 30th day
of November, A. D. 1938.
"R. A. GRAY, SECRETARY OF STATE."

On November 8, 1938, a general election was held and N. B. Lunsford and W. R. Grice, the respondents, were candidates and a canvass of the returns thereof showed that the respondent W. R. Grice received 81 votes for the office of constable, while the respondent N. B. Lunsford received 9 votes for said office. The County Canvassing Board in and for Bay County, Florida, declared W. R. Grice elected to the office of Constable and the same was duly certified to by the Supervisor of Registration of Bay County and a commission was duly issued as constable for the period from and after December 6, 1938 until the first Tuesday after the first Monday in January, 1941.

Section 461 C. G. L. provides ten separate and distinct conditions or circumstances whereby an office is deemed vacant, viz.: (a) death of the incumbent; (b) resignation; (c) removal; (d) ceasing to be an inhabitant; (e) neglect or refusal to qualify; and other grounds unnecessary to recite for a decision of the case at bar. Wallace Caswell sent his letter of resignation from Panama City on November 7, 1938, and the same was accepted by the Governor at his office at Tallahassee on November 9, 1939, and insofar as this record is concerned, Wallace Caswell resigned the office of constable as provided for in Section 461, C. G. L., and the office was vacant from and after the date the said resignation became effective.

The respondent Lunsford, on September 11, 1937, was commissioned by the Governor to hold the office of constable for the period of time pending the suspension of Wallace Caswell. The Governor, under Section 15 of Article IV of the Constitution of Florida, had the power to suspend Wallace Caswell for malfeasance and is empowered by Section 15 of Article IV, *supra,* to fill by appointment any office the incumbent of which has been suspended, and

'the appointee shall continue to hold said office until the adjournment of the next session · of the Senate. If the Senate shall refuse to remove or fail to take action before its adjournment, the officer suspended shall resume the duties of his office. Advisory Opinion to Governor, 69 Fla. 508, 68 So. 450. The appointment to fill an office, the incumbent of which has been suspended by the Governor, can not be for a longer period than the remainder of the term of the suspended officer and until the qualification of his successor. See Advisory Opinion to the Governor, 31 Fla. 1, 12 So. 114. An appointment to fill an office, the incumbent of which has been suspended, is merely to exercise all the authority of the office, the duration of which depends on removal or reinstatement by the Senate. See Advisory Opinion to Governor, 75 Fla. 674, 78 So. 673.

It follows that with the tender and acceptance of the resignation of Wallace Caswell to the office of Constable by the Governor created a vacancy in the office of Constable which was to be filled either by the Governor by appointment under the provisions of the Constitution or that the office be filled by the people at an election authorized by law. It is admitted that a general election was held in the Justice of the Peace District No. 1 of Bay County, Florida, on the 8th day of. November, 1938, and the respondent Grice's name was written in on the ballot and he received 81 votes, while the respondent Lunsford received 9 votes.

A decision in the case at bar turns on the question of the effective date of the resignation, *supra.* If the resignation is effective on November 7, 1938,· as contended by the respondent Grice, then there was a vacancy in the office of constable lawfully balloted upon by the voters of the district at the general election held on November 8, 1938, and the voters thereof as shown by the record declared their pref-

erence by giving Grice 81 votes as against 9 for Lunsford, and respondent Grice should be declared the lawful occupant thereof. On the other hand, if the effective date of the resignation, *supra,* is November 9, 1938, then the office was held by Wallace Caswell on November 8, 1938, the date of the general election, and no vacancy then existed and the voters of the district were without lawful authority to write on the ballots the names of Grice and Lunsford, because there was not at the time thereof a vacancy in the office of constable for said district.

There is no constitutional or statutory provision in Florida fixing the effective date of a resignation, but Section 14 of Article XVI of the Constitution of Florida provides: "All State, County and Municipal officers shall continue in office after the expiration of their official terms until their successors are duly qualified."

46 Corpus Juris, par. 129, pages 978-9, in treating the effective date of resignation, says:

"While the right of an officer to resign is well recognized, it is also generally held that in the absence of statute his resignation does not become effective until accepted by the proper authorities, although there are decisions to the contrary, some of which are influenced by statutes declaring that offices shall become vacant upon the resignation of the incumbent, or providing that resignation may be made by officers to the powers appointing them, and which hold that the resignation takes effect immediately upon the date mentioned in the written resignation filed by the officer * * *."

Volume 22, Ruling Case Law, pages 556-7, par. 260, holds that there must be an acceptance of a resignation by the appointing power before the same becomes effective. It says:

"260. Right to Resign and Necessity of Acceptance.—Resignations to public offices are generally accepted and it is not infrequently ruled that if a person so desires he can resign, or relinquish his office, and that no formal act of acceptance is necessary to render the resignation valid, especially when the resignation is unconditional and goes into effect immediately. But the better opinion is that a public officer does not have the privilege of resigning, since the public has a right to the services of all the citizens, and may demand them in all civil departments as well as in the military. Therefore, to be effective the resignation must be accepted by competent authority, either in terms or by something tantamount to an acceptance, such as the appointment of a successor. Without acceptance his resignation is nothing and he remains in office. The right to resign will be denied especially where a resignation is hastily made for the purpose of thwarting litigation * * *." See Edwards v. United States, 103 U. S. 471, 26 L. Ed. 314; Thompson v. United States, 103 U. S. 480, 26 L. Ed. 521.

Throop on Public Officers, pages 400-1, 403, 404, paragraphs 409, 411, 412, says:

"409. Held, in England, that Officer Cannot Resign Without Consent of Appointing Power.—At common law, as we have shown in a previous chapter, a public office is regarded as a public burden, which it is duty of every good citizen to bear for the public benefit, and which if he refuses to serve, he may be compelled to accept by mandamus, besides being subject to indictment, and, in the case of certain municipal offices, to a penalty. It necessarily results from this doctrine, that a person, who has once taken the burden of a public office upon himself, cannot lay it down at his own pleasure. Accordingly it has been held that, at common law, a public officer cannot resign his

office without the consent of the appointing power, manifested, either by an express acceptance of the resignation, or by the appointment of another in his place."

"411. Other American Cases, Following the English Rule.—* * * And in the Supreme Court of North Carolina it was said: 'An officer may certainly resign, but, without acceptance, his resignation is nothing, and he remains in office. It is not true, that an office is held at the will of either party. It is held at the will of both * * *. Every man is obliged, upon a general principle, after entering upon his office to discharge the duties of it, while he continues in office; and he cannot lay it down, until the public, or those to whom the authority is confided, are satisfied that the office is in a proper state to be left, and the officer discharged.' * * *."

"412. The Same Subject; Rulings of the U. S. Supreme Court.—* * * There the question was, whether a town supervisor in Michigan, whose resignation had been presented to the township board, but as far as it appeared in the proofs, had not been accepted by them, no successor having been appointed by the board, could be compelled by mandamus to execute a duty of the office. The court fully discussed the cases of both sides, and held, that inasmuch as no evidence had been presented, that the common law rule had been changed in Michigan by statute, but on the contrary the rule seemed to be confirmed by a statute, providing that an officer should hold over until his successor should be chosen and should qualify; the resignation was a nullity, and the mandamus was properly issued. A similar ruling had been previously made by the same court, as to the effect of a statutory provision of Illinois, that an officer should hold over until the selection and qualification of his successor, which provision the court held, had the effect to

retain the resigning officer in office, until such selection and qualification, although his resignation had been accepted by the proper authority."

Mechem on Public Offices and Officers, pages 263-5, paragraphs 414 and 415, says:

"414. Resignation not Complete until it is Accepted.—At common law, the resignation of a public officer was not complete, so far as the public is concerned, until it was duly accepted by the proper authorities, and this rule prevails in many of the United States, though not in all, and, except where there is a statutory provision to the contrary, is supported by the weight of both reason and authority. 'An officer may certainly resign,' says Chief Justice RUFFIN, 'but without acceptance his resignation is nothing, and he remains in office.' He is, therefore, so far as the rights of third persons are concerned, not only still clothed with the authority, but is subject to the burdens of the office, and he may be compelled to perform the duties, and is liable for their non-performance, as before.

"So where, because of the office he seeks to resign, he is ineligible to another office, he continues so until his resignation is accepted.

"The reasons upon which this rule is founded have been stated in the opening section of this chapter, and need not be repeated here.

"415. What Amounts to an Acceptance.—The acceptance of the resignation, where this is required, may be manifested either by a formal declaration or by the appointment of a successor.

"So where the written resignation of the officer, intended to operate as such, was duly filed in the proper office without objection, and was endorsed as his resignation, it was

held that this was a sufficient acceptance, if any was required."

The courts of last resort in the States of Alabama, California, Illinois, Iowa, Nebraska, New York, Ohio, and Oklahoma hold that a resignation to a public office becomes effective without acceptance on the part of the appointing power, but the weight of authority in this country, in the absence of constitutional and statutory provisions to the contrary, is that a resignation of a public office cannot be effective until it is accepted on the part of the appointing power. See Commonwealth *ex rel.* Wootton v. Berminger, 255 Ky. 451, 74 S. W. (2nd) 932, 95 A. L. R. 213, and annotations at pages 215 to 220.

The record here shows that the acceptance of the resignation, *supra,* on the part of the appointing power, the Governor of Florida, was dated November 9, 1938, and became effective at the same time, so on November 8, 1938, when the election was held and the respondent Grice received 81 votes and respondent Lunsford 9 votes, there was not a vacancy in the office of constable of said justice district (Section 9, Article XVIII, Constitution of Florida), and the power to fill the vacancy by appointment under the Constitution of Florida is vested in the Governor of Florida.

It is true, as hereinbefore stated, that the record shows a commission was issued to Grice on the 6th day of December, 1938, to be Constable of District No. 1 in and for Bay County from December 6th, A. D. 1938, until the first Tuesday after the first Monday in January, 1941. This commission, however, shows upon its face that it was based on the purported election held on November 8th, 1938, and not based on appointment by the Governor. The commission being based on a false premise, that is, being based on

an election held at a time when a vacancy did not exist, it was improvidently and inadvertently issued without foundation as provided by the Constitution, *supra*. There had been no legal election by the people; there had been no appointment by the Governor.

The vacancy occurred when the resignation become effective. The resignation became effective (regardless of the contrary statement in the resignation) when it was accepted by the Governor. This must be true because if the Governor had not accepted the resignation there would have been no vacancy and the resignating officer would have continued under suspension until his resignation was acted upon by the Governor or the suspension acted upon by the Senate.

There was a vacancy created by the tender and acceptance of the resignation. That vacancy continues and may be filled by appointment by the Governor to be effective until the next general election.

The answers of the respondents being fully considered, the briefs and authorities read and examined, we are of the opinion that the answers of the respondents fail to state or tender a defense to the information in *quo warranto*. See State v. Gleason, 12 Fla. 190; State v. Saxon, 25 Fla. 342, 5 So. 801; Town of Enterprise v. State, 29 Fla. 128, 10 So. 740; Simonton v. State, 44 Fla. 289, 31 So. 821.

The relators motion for a judgment of ouster against the said respondent Grice is hereby granted. The judgment of ouster as to Lunsford is withheld because he holds under Sec. 14, Article XVI of Constitution until his successor is appointed and qualified.

It is so ordered.

TERRELL, C. J., WHITFIELD, BUFORD and THOMAS, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—The theory underlying the rule that a resignation by one holding a public office is not effective until accepted by a superior officer who has the power to accept it, is that an officer cannot divest himself of responsibility to continue to carry his official burden and to perform the duties of his office by merely tendering his resignation; that in such a case, the resignation is not effective unless and until it is accepted. But in this case there was no burden of public duty resting upon Caswell. He had been suspended from office by the Governor. On November 7th, he resigned, such resignation to take effect as of that date. I think this resignation was effective without acceptance, but on November 9th the Governor accepted the resignation as written. Therefore, the Governor's acceptance should be held to relate back to the date of the resignation, thus making the election of Grice on November 8th entirely legal. And evidently so believing, the Governor issued the commission to Grice. I think the commission is valid.