**STATE OF FLORIDA ex rel. RUSSELL F. HAND, v. F. H. McDONALD**

18 So. (2nd) 16                                     January Term, 1944
May 12, 1944                                                  En Banc

Robert J. Boone, David B. Newsom, Boone, Boone & Newsom, for appellant.

John J. Lindsey, for appellee.

CHAPMAN, J.:

The relator, Russell F. Hand, was elected a member of the Board of Public Instruction from District No. 2 of Dade County, Florida, at the regular November election held dur-

ing the year 1938, and the term of office was for a period of four years, beginning on Tuesday after the first Monday in January, 1939, and ending on a corresponding date in January, 1943. The relator gave the necessary bond, took the prescribed oath of office, was commissioned by the Governor, and entered upon and performed the duties of the office until suspended therefrom by an executive order dated September 21, 1942.

Pertinent provisions of the executive suspension order are viz:

"Whereas, it has been officially made to appear upon evidence produced before me, and I do find, that Russell F. Hand, member of the Board of Public Instruction of District No. 2 in and for Dade County, has during his present term of office, been guilty of drunkenness and of the commission of a felony, to-wit: open and gross lewdness and lascivious behaviour:—

"Now, Therefore, I, Spessard L. Holland, as Governor of the State of Florida, by virtue of the power and authority vested in me by Article IV, Section 15, of the Constitution of the State of Florida, have suspended, and do hereby suspend, the said Russell F. Hand as Member of the Board of Public Instruction of District No. 2 in and for Dade County, Florida, upon the grounds aforesaid; and the said Russell F. Hand is hereby prohibited from performing the duties or exercising the functions of said office."

On November 6, 1942, the Chief Executive issued a commission to F. H. McDonald, the respondent, for relator's then unexpired term to the office of member of the Board of Public Instruction from District No. 2 of Dade County, Florida, which term of office expired on January 2, 1943. The Chief Executive, on May 26, 1943, pursuant to Section 15 of Article IV of the Constitution transmitted to the Senate information of the suspension from office of Russell F. Hand, with a statement of the cause or causes of suspension. The Senate of the State of Florida on the same date during an executive session heard and considered the cause or causes of suspension as reported to it by the Governor and concurred in the suspension and removal of Russell F. Hand so previously re-

ported to the Florida State Senate by the Chief Executive of Florida.

The relator, Russell F. Hand, was elected to the office of Member of the Board of Public Instruction from District No. 2 of Dade County, Florida at the general election held on November 3, 1942. The record discloses that Russell F. Hand received 7,144, Albert M. Clark received 4,119, while F. H. McDonald received 5,094 votes. The result of the general election held in Dade County, Florida, in November, 1942, for the four year term of office beginning on the Tuesday after the first Monday in January, 1943, appears to have been certified to the Secretary of State, Tallahassee, Florida.

The voters of School District No. 2 of Dade County, at the general election held in November, 1942, elected Russell F. Hand as a member of the Board of Public Instruction for Dade County for a period of four years. Pursuant thereto the Supervisor of Registration of Dade County certified the results of the election to the Secretary of State. Likewise filed with the Secretary of State was an acceptance of the office and an oath in the form and substance required by law; also a lawful bond was filed, and it was made to appear that the relator, early in 1943, entered upon the duties of the office to which he had been elected.

The Chief Executive refused or declined to issue a commission to Russell F. Hand to the office of Member of the Board of Public Instruction from District No. 2 of Dade County, Florida, for the term of four years to which he had been elected by the voters at the election held in November, 1942. He so advised Mr. Hand in a letter dated January 18, 1943, viz:

"Mr. Russell F. Hand,
 1869 N. W. 32nd Street
 Miami, Florida

"Re: Refusal to issue commission as a Member of Dade County *Board of Public Instruction*.

"Dear Mr. Hand:

"I hereby advise you that I am not going to issue a commission authorizing you to take office as of January 5, 1943,

for a period of four years as a Member of the Board of Public Instruction, Dade County, District No. 2. My refusal to issue said commission is within the scope of my executive discretion, according to formal opinion thereon rendered by the Attorney General under date of January 13, 1943.

"It is my distinct feeling that your gross misconduct while serving as a member of that Board during your previous term, and for which I suspended you from office on September 21, 1942, has destroyed the confidence of a majority of the people of Dade County in your integrity and moral character.

"Section 230.4, Florida Statutes, 1941, which is a part of the School Code of our State, provides the following qualifications for members of the County School Boards. 'The members of the county board shall be qualified electors of the county in which they serve, shall be persons of good moral character, of good standing in their respective communities, and shall be known for their integrity, business ability, public spirit and interest in the promotion of public interest.'

"In view of these specific requirements I cannot in good conscience sign your commission, which act, I think would be in direct contravention of the interests of decent government and the maintenance of an atmosphere of moral responsibility in the school affairs of Dade County.

"I expect to appoint in the next few days a well qualified man to this position.

"I beg to remain

                    Yours faithfully,
"SLH/dr."          Spessard L. Holland, Governor."

On January 28, 1943, a commission issued to F. H. McDonald as a Member of the Board of Public Instruction from District No. 2 of Dade County. On June 3, 1943, subsequent to the order of concurrence in the removal of the relator Hand on the part of the Florida Senate under date of May 26, 1943, another commission issued to F. H. McDonald to said office for the remainder of the current term, or until his successor was duly elected and qualified, and under the last com-

mission issued the respondent claims title to said office. The four year term, as we infer from the record, expires on Tuesday after the first Monday in January, 1947. The relator claims title by election by the people at the general election held in November, 1942. The title to the office was placed in issue by quo warranto proceedings originating in the Circuit Court of Dade County, resulting in an order sustaining a demurrer to the amended petition and quashing the writ. Relator appealed.

The Chief Executive removed Hand from office because he had been guilty of drunkenness during "his current term of office." The letter of transmittal was dated May 26, 1943, at a time when the Senate was in regular session. The Senate approved the recommendations of removal during an executive session held May 26, 1943. The letter is viz:

"Executive Department
Tallahassee, May 26, 1943

"Honorable Philip D. Beall
President of the Senate
Capitol
Sir:—

"Herewith please find a statement of facts regarding the conduct of Russell F. Hand, member of the Board of Public Instruction of District No. 2 of Dade County, Florida.

"I am convinced of the truth of this statement and that the said official has, as therein indicated, been guilty of drunkenness during his current term of office, thereby subjecting himself to suspension and removal under the provisions of Section 15 of Article IV of the Constitution of this State, under authority of which I respectfully recommend the permanent removal by the Senate of the said Russell F. Hand from his said office.

Respectfully,
Spessard L. Holland, Governor."

Counsel for appellant pose for adjudication here the question viz: May a member of the Board of Public Instruction of a Florida County be removed from his office during a session of the Senate upon the recommendation of the Governor

and the consent of the Senate, without the Governor basing his recommendation upon one or more of the constitutional grounds enumerated in Article IV, Sec. 15, of the Constitution, accompanied with statements of specific facts supporting the general charge, and without communicating to such officer the cause of his proposed removal, including the general charge and specifications, and without giving such officer an opportunity to be heard upon the constitutional sufficiency of such charge and specifications as well as a hearing upon the facts or merits?

The suspension order of the Chief Executive dated September 26, 1942, was for drunkenness for the term ending January, 1943. The communication to the Senate under date of May 26, 1943, recites the charge of drunkenness "during his current term of office." Section 15 of Article of the State Constitution authorizes the Governor to suspend from office officers not liable to impeachment, guilty of drunkenness. When the Governor suspends such officer his action may not be reviewed by the Court but for a single exception, namely, the jurisdictional facts underlying the order of suspension and on which the Chief Executive grounds the cause and order of removal. See State ex rel. Hardie v. Coleman, 115 Fla. 119, 155 So. 129.

The power of the Governor under Section 15 of Article IV to suspend an officer exists only between the sessions of the Senate and not during the period the Senate is in session; the governor is without power to suspend but can recommend to the Senate (while it is in session) the permanent removal of such officer. See In re: Advisory Opinion to Governor, 69 Fla. 508, 68 So. 450; State ex rel. Hatton v. Joughin, 103 Fla. 877, 138 So. 392, (rehearing denied 107 Fla. 850).

It is contended that the action of the Senate on May 26, 1943, adopting the recommendations of removal of the relator was void *ab initio* because: (1) the relator had a constitutional right to be heard by the Senate prior to removal; (2) the constitutional provisions authorizing the Senate to remove an officer on the recommendations of the Governor while the Senate is in session, contemplate a right to be heard on the charges preferred; (3) the facts transmitted by the

Governor to the Senate as a basis for removal are legally insufficient; (4) the offense of drunkenness was not shown to incapacitate the relator from discharging his official duties.

Paragraphs XIV and XV of the amended petition are viz:

"XIV. That thereafter relator was advised that the said Governor of the State of Florida had requested the Senate of the State of Florida to consent to the suspension and removal of relator from his said office pursuant to the executive order of September 21, 1942, hereinabove referred to; that relator was financially unable to appear before the Executive Committee of the Senate to which the matter of his suspension and removal had been referred, and was financially unable to employe counsel to appear before said Committee in his behalf, and was therefore not heard or represented before said Committee in person or by counsel, and the Senate of the State of Florida on the 5th day of May, 1943, consented to said suspension and removal of relator from his said office by the Governor of the State of Florida.

"XV. That thereafter, on May 26, 1943, the Governor of the State of Florida forwarded to the President of the Senate of the State of Florida a statement of alleged facts regarding the conduct of relator, accompanying said statement with a letter, dated May 26, 1943, addressed to the Honorable Philip D. Beall, President of the Senate, recommending the permanent removal by the Senate of relator from his said office, upon the ground that relator had been guilty of drunkenness during his current term of office, a copy of which letter is hereto attached, marked Exhibit 10, and made a part hereof; and on the same date, to-wit, May 26, 1943, the Senate of the State of Florida, in Executive Session, upon the recommendation of the Governor, did attempt to remove relator from his said office. That relator was not served or furnished with a copy of the charges or statement of alleged facts furnished to the Senate by the Governor, and relator never had an opportunity to answer any charge or charges made against him or contained in said statement of alleged facts, and, though relator has made diligent effort, through his attorneys, Robert J. Boone and David B. Newsom, to obtain a copy of said statement from the office of the Governor of the State

of Florida, from the office of the Secretary of State of the State of Florida, and from the Secretary of the Senate, he has been unable to do so, and the Secretary of the State has definitely refused to furnish relator, or his said attorneys, with a copy of said statement of alleged facts."

It appears that the quoted portions of the amended petition, *supra,* answer accurately and concisely grounds 1 and 2 of the contention that the relator was not constitutionally removed from the office of Member of the Board of Public Instruction of Dade County, Florida. The facts constituting the basis for removal were and are matters addressed to the Senate of Florida and over which this Court is without power to act or interfere. Our previous decisions established clearly the law and it is contrary to the contentions as made by counsel for the relator.

We have examined the authorities cited to sustain these several contentions and the record reflects that the relator was advised of the action of the Governor under date of January 18, 1943. The Florida Senate, under Section 15 of Article IV, has the power to adopt the recommendations of removal of the Governor and to do so without notice to the affected officer.

Careful consideration has been given to the entire record and the same is found free from error.

Affirmed.

BROWN, TERRELL, THOMAS, ADAMS and SEBRING, JJ., concur.

BUFORD, C. J., concurs specially.

BUFORD, C. J., concurring specially:

I concur in the judgment of affirmance in this cause for the reason that I think the Court is without jurisdiction to review the action of the Governor and the Senate as taken in the removal of an officer except to determine whether or not jurisdictional grounds for removal were charged against the officer. See Hardie v. Coleman, 115 Fla. 119, 155 So. 129.

In this case the record shows that the jurisdictional ground of drunkenness was charged, the record showing that the Governor during the session of the Legislature recom-

mended to the Senate that Hand be removed from office upon the ground that he had been guilty of drunkenness during his then term of office; that the Senate acted upon the recommenation of the Governor and consented to the removal of Hand on the ground stated, satisfied the Constitution in this regard, drunkenness being a ground for removal under Section 15 of Article IV of the Constitution. See also State v. Ledwith, 14 Fla. 220, and State v. Johnson, 30 Fla. 499, 11 So. 855.

The appeal is from order sustaining demurrer to alternative writ. It therefore follows that the judgment should be affirmed.

TERRELL, CHAPMAN, ADAMS and SEBRING, JJ., concur.